DECISION AND JUDGMENT ENTRY
{¶ 1} Michael A. Davis appeals the Vinton County Court of Common Pleas' decision to label him a sexual predator. Davis asserts that the trial court's judgment is against the manifest weight of the evidence. Because we find that some competent, credible evidence supports the trial court's judgment, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} On January 29, 1991, the state filed a bill of information charging Davis with three counts of rape involving male victims under the age of thirteen. On March 30, 1992, Davis entered a plea of guilty to one count of rape charged in the bill. Pursuant to a plea agreement, the State dismissed the remaining two charges. The trial court sentenced Davis to prison for eight to twenty-five years.
 {¶ 3} On December 5, 2002, the trial court conducted a hearing to determine whether it should label Davis a sexual predator. At the hearing, Davis' counsel and the State presented oral argument. In addition, the trial court considered (1) the sexual predator screening instrument; (2) the pre-sentence investigation report; and (3) documents attesting to Davis' educational and rehabilitative efforts while in prison. The trial court also took judicial notice of the entire record. Davis chose not to testify at the hearing.
 {¶ 4} The pre-sentence investigation report provided examples of the sexual abuse committed by Davis against the three victims named in the bill of information and two other juvenile males. According to the report, Davis engaged in digital, anal, and oral penetration with Victim 1, who was under the age of thirteen. The abuse occurred over a period of time, although the report does not explicitly state when it ceased.
 {¶ 5} Victim 2 was also under the age of thirteen, but the dates the abuse occurred on are not contained in the report. The sexual abuse, as documented in the report, consisted mainly of fondling and other inappropriate touching.
 {¶ 6} The age of Victim 3 at the time of the abuse is not clear from the presentence investigation report. When Victim 3 reported the abuse to the authorities, he was almost eighteen-years-old. The abuse consisted of oral and anal penetration. Victim 3 stated that while he permitted Davis to engage in these acts, Davis confused him in order to obtain his consent.
 {¶ 7} The age of Victim 4 at the time of abuse is also not clear. At the time he reported the abuse, he was fifteen-years-old. The victim stated that he began visiting Davis' residence when he was approximately ten-years-old. The abuse consisted of fondling and oral penetration. The oral penetration occurred while the victim pretended he was asleep. The victim also stated that Davis attempted anal penetration, but was not sure if his anus was actually penetrated.
 {¶ 8} Victim 5 was also fifteen at the time he reported the abuse. Again, it is not clear what the victim's age was at the time the abuse actually occurred. The victim reported that he slept overnight at Davis' home and that when he woke up on one occasion there was semen on his buttocks. The victim stated that the second time he spent the night at Davis' home he woke up to find that his penis was wet. On another occasion, the victim awoke to find Davis anally penetrating him. Finally, Davis, who employed the victim, threatened to fire the juvenile if he refused to go to bed with Davis. The victim slept in the same bed with Davis and woke up to find his penis wet and Davis under the covers.
 {¶ 9} The pre-sentence investigation report also contained information gleaned from Davis' interview with the Vinton County Sheriff's Office. Davis admitted to orally penetrating Victims 2 and 4. Davis stated that the sexual contact with Victim 2 occurred over a four to five year period of time. Victim 2 was the youngest victim and almost eleven-years-old at the time he reported the abuse. According to Davis' statements, the abuse began to occur when the victim was approximately seven-years-old. Davis also admitted to the sexual contact outlined in the report with Victim 1, who was approximately twelve-years-old at the time it began. Davis claimed that Victim 1 initiated the sexual contact. Finally, Davis also admitted to the oral and anal penetration of Victim 3 and oral penetration of Victim 5.
 {¶ 10} At the sexual offender classification hearing, Davis admitted documents attesting that he completed a sexual offender rehabilitation program and its aftercare program and obtained degrees from Ohio University while in prison. Davis also claimed through his attorney that his conviction relates only to consensual sexual contact with a victim who was fifteen years of age at the time of the offense.
 {¶ 11} The trial court rendered its decision on July 21, 2003 and found that the defendant is a sexual predator pursuant to R.C. 2950.09. In its journal entry the court stated that Davis engaged in sexual activity from 1987 until late 1990 with five individual juvenile males ranging in age from seven to sixteen years. The court also stated that Davis admitted on January 12, 1991 to sexual contact with two of the juveniles over a period of four to five years and that he had sexual contact with three other juvenile males. The court recognized that Davis admitted to sexual activity, such as fellatio and anal intercourse, as well as other types of sexual contact with the victims. The court acknowledged that Davis completed the Polaris Program of the Department of Rehabilitation and Correction (sexual offender program), took and completed courses given by Hocking College, and received a Bachelor of Specialized Studies from Ohio University while in prison. In addition, the court stated that Davis had no disciplinary problems since his imprisonment. However, the court found the evidence that Davis was a sexual predator "most persuasive" and stated that "being incarcerated is not living in the `real world'."
 {¶ 12} Davis appeals and asserts the following assignment of error: "The Court's determination that the defendant-appellant is a `likely candidate to be a recidivist' is against the manifest weight of the evidence."
 II. {¶ 13} In his sole assignment of error, Davis contends that his designation as a sexual predator was against the manifest weight of the evidence. Davis claims that the trial court: (1) improperly considered the pre-sentence investigation report which contained hearsay evidence regarding victims other than the one for which he was convicted of raping; (2) failed to consider his rehabilitative efforts while in prison; (3) applied a "most persuasive" burden of proof requirement rather than "clear and convincing evidence"; (4) failed to acknowledge that Davis was convicted of only one offense; and (5) relied only on the original conviction in making its determination. We find that all of Davis' assertions are without merit.
 {¶ 14} A sexual predator is a person who was convicted of or has pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). Sexual offender classification proceedings under R.C. 2950.09 are civil in nature and require the prosecution to prove by clear and convincing evidence that an offender is a sexual predator. R.C. 2950.09(B); State v. Cook
(1998), 83 Ohio St.3d 404, 408. We will not reverse a trial court's determination that an offender is a sexual predator if some competent, credible evidence supports it. State v. Morris
(July 18, 2000), Washington App. No. 99CA47; State v. Daugherty
(Nov. 12, 1999), Washington App. No. 99CA09; State v. Meade
(Apr. 30, 1999), Scioto App. No. 98CA2566. This deferential standard of review applies even though the State must prove the offender is a sexual predator by clear and convincing evidence.Meade; see, also, State v. Hannold (June 28, 1999), Washington App. No. 98CA40.
 {¶ 15} Because the sexual classification hearing is civil in nature, traditional evidence rules do not apply. State v.Shahan, Washington App. No. 02CA63, 2003-Ohio-6945. Thus, the admission of hearsay evidence does not violate the constitutional rights afforded to a criminal defendant. Id. In Cook, the Supreme Court held that a trial court may consider reliable hearsay evidence, such as a presentence investigation report, when making a sexual classification determination. Cook at 425. In addition, "[e]vidence of uncharged sexual assaults may be admitted in a sexual classification hearing." Shahan, citingState v. McElfresh (July 14, 2000), Washington App. No. 99CA36 (recognizing that the existence of other victims of sexual abuse is relevant when determining whether an offender should be classified as a sexual predator).
 {¶ 16} In order to determine if an offender is likely to engage in future sexually oriented offenses, the trial court must consider all relevant factors, including those listed in R.C.2950.09(B)(2). Cook at 407-408. These factors are as follows: "(a) The offender's age; (b) The offender's prior criminal record regarding all offenses, including, but not limited to, sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed; (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).
 {¶ 17} A court is under no obligation to "tally up" the R.C.2950.09(B)(2) factors in any particular fashion. State v.Clutter (Jan. 28, 2000), Washington App. No. 99CA19; State v.Mollohan (Aug. 19, 1999), Washington App. No. 98CA13. A court may classify an offender as a sexual predator even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense. Id. A court may properly designate an offender as a sexual predator even in the absence of expert testimony from the State. State v. Meade, supra.
 {¶ 18} If a trial court engages in a thorough analysis of the statutory factors, it may classify an offender as a sexual predator even though the offender has not engaged in any additional sexually oriented offenses for a prolonged period of time. State v. Gibson, Washington App. No. 01CA19, 2002-Ohio-5232, at ¶ 21. See, e.g., State v. Moodie (June 30, 2000), Jefferson App. No. 99JE56, fn. 1. A trier of fact may consider past behavior in determining future propensity to commit sexually oriented offenses because past behavior is often an indicator for future propensity. State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, affirmed (1998),84 Ohio St.3d 9, citing Kansas v. Hendricks (1997), 521 U.S. 346 andHeller v. Doe (1993), 509 U.S. 312. For that very reason a court may designate a first time offender as a sexual predator. See, e.g., Meade; State v. Watts (May 29, 1998), Montgomery App. No. 16738.
 {¶ 19} In State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247, at 166, the Supreme Court set forth the components for a model sexual offender classification hearing. The court found that a trial court "should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Id. (Emphasis added.) However, Eppinger does not mandate that a trial court set out such evidence and factors. Because neitherEppinger nor R.C. 2950.09 includes such a mandate, we will not require it either. See State v. Noland, Washington App. No. 02CA28, 2003-Ohio-1386, at ¶ 33-34, (overturned on other grounds), citing State v. Garrie, Washington App. No. 01CA21, 2002-Ohio-5788, at ¶ 33-34.
 {¶ 20} In this case, the trial court considered: (1) the sexual predator screening instrument; (2) the pre-sentence investigation report; and (3) Davis' rehabilitation and education certificates. The court also took judicial notice of the entire record. The pre-sentence investigation report alone detailed the prior abuse committed by Davis against juvenile males, three of whom were under the age of thirteen while the abuse occurred. From this information the trial court had available before it the fact that: (1) Davis was between the ages of twenty-seven and twenty-nine years at the time the abuse occurred and was forty-years-old at the time of the hearing; (2) the ages of the victims ranged between seven and sixteen years at the time the abuse occurred; (3) that Davis' abusive actions involved multiple victims; (4) that the abuse was part of a demonstrated pattern of abuse in that the victims were repeatedly abused by Davis, with one being abused over a period of four to five years; (5) that Davis completed a sexual offender rehabilitation program while in prison; (6) that Davis has no prior criminal record outside of his current conviction and imprisonment; (7) that Davis suffered from a mental illness at the time he was arrested; (8) that Davis did not use drugs or alcohol to impair his victims; and (9) that Davis demonstrated no cruelty to his victims other than the mental cruelty likely to result from such abuse. All of these were factors for the trial court to weigh pursuant to R.C.2950.09(B)(2).
 {¶ 21} Davis claims that the court improperly considered hearsay evidence regarding sexual abuse of victims other than the one whom the trial court convicted him of raping. However, as mentioned above, a court may consider hearsay evidence in a sexual predator classification hearing because the hearing is actually civil in nature. Shahan, Washington App. No. 02CA63, 2003-Ohio-6945. Here, the court considered the pre-sentence investigation report. Such a report contains reliable hearsay evidence for purposes of a sexual predator classification hearing. Cook at 425.
 {¶ 22} Davis also argues that the trial court failed to consider his rehabilitative and educational efforts while in prison and failed to acknowledge that the court only convicted him of one sexually oriented offense. However, the court did consider both factors. In its journal entry, the trial court states that Davis informed it of his exemplary prison record, his attendance and completion of the Polaris Program, and educational efforts and degrees achieved through Hocking College and Ohio University. The trial court also states in its journal entry that Davis pled guilty to only one count of rape. It was within the discretion of the trial court to weigh these factors, along with all other evidence before it. Davis may wish that the trial court gave more weight to these particular factors. However, it was not an abuse of discretion for the court to find other factors outweighed the importance of these two.
 {¶ 23} Davis contends that the trial court applied the wrong burden of proof requirement to his sexual predator classification hearing. According to Davis, the trial court stated in its journal entry that it found the proof against Davis "most persuasive." Davis argues that this language indicates that the trial court did not apply the clear and convincing standard of proof required by R.C. 2950.09. We disagree. The trial court's journal entry could have been more artfully drafted to include a detailed analysis of each of the relevant factors and the evidence presented. However, as stated above, while we urge trial courts to draft model pinions, it is not required. Noland,
2003-Ohio-1707, citing Garrie, 2002-Ohio-5788, at ¶ 33-34. Here, the record reveals that clear and convincing evidence supports the trial court's judgment.
 {¶ 24} Finally, Davis argues that the trial court improperly relied on his original conviction when determining Davis' future propensity to commit one or more sexually oriented offenses. In general, a trial court should rely on more than the underlying conviction when designating an offender a sexual predator. However, as mentioned above, a trial court may label an offender with only one sexual offense conviction as a sexual predator.Bartis, supra, citing, Hendricks, 521 and Heller. Here, the trial court convicted Davis of one rape, but the evidence illustrated that he actually committed an indeterminate number of rapes against five different victims over a period of approximately three years. Furthermore, the evidence demonstrates that Davis admitted to having sexual contact with these five victims. Davis also failed to accept responsibility for his convicted crime, as illustrated by the fact that he now claims his conviction was for the rape of a consenting fifteen-year-old.
 {¶ 25} We find that the record contained some competent, credible evidence regarding Davis' propensity to commit one or more future sexually oriented offenses. Accordingly, we overrule Davis' sole assignment of error and affirm the judgment of the trial court.
 III. {¶ 26} Because we find that competent, credible evidence supports the trial court's judgment to designate Davis as a sexual predator, we overrule Davis' sole assignment of error. In short, the trial court's ruling is not against the manifest weight of the evidence. Accordingly, we affirm the judgment of the trial court.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that costs herein be taxed to the appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.