DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant John David Lent appeals the Washington County Court of Common Pleas decision adjudicating him a sexual predator pursuant to R.C. 2950.01(E) and R.C. 2950.09. Appellant argues that insufficient evidence supports the trial court's decision. Because we find that some competent, credible evidence supports the judgment, we disagree. Accordingly, we affirm the trial court's judgment.
 {¶ 2} The State filed a bill of information accusing Appellant of engaging in sexual conduct with his natural daughter. Pursuant to a plea agreement, Appellant pled guilty to one count of rape, in violation of R.C. 2907.02(A)(1)(b). The trial court then held a sexual predator hearing.
 {¶ 3} Neither the State nor Appellant presented any witnesses or arguments at the sexual predator hearing. The trial court relied on the pre-sentence investigation report ("PSI") when making its decision.
 {¶ 4} The PSI detailed the underlying offense and that victim, age six, was residing with her grandmother in Virginia when she alleged that Appellant had sexually abused her. The grandmother reported the victim's allegations to Washington County Children Services ("WCCS"). The grandmother reported that the victim claimed Appellant showed her pornography, attempted to penetrate her vagina, and forced her to perform oral sex. The victim also alleged that Appellant told her: (1) that he would have sex with her, and (2) her mother knew and threatened her not to tell anyone.
 {¶ 5} WCCS contacted the Washington County Sheriff's Department, who then contacted the Virginia Sheriff's Office. Virginia investigator, Danny Martin, interviewed the victim. She advised the investigator that her father spread cheese on his genitals, which he had her lick off, and penetrated her mouth with his penis. The victim described her father ejaculating during that incident, which she tasted. She also told the investigator that she had seen pornographic pictures in magazines and on the Internet. Finally, the victim stated that she did not tell her mother for fear of corporal punishment.
 {¶ 6} Two officers from the Washington County Sheriff's Office went to Appellant's home. According to Officer Nohe, when he approached the house he observed a child standing on the porch with her pants down around her ankles. The child was later identified as B.L., the victim's younger sister, who was approximately four-years-old.
 {¶ 7} During the interview, Appellant initially denied any sexual contact with the victim. He admitted that the victim may have found his pornographic magazines and observed the pictures, but stated that he never showed her pornography. Appellant then admitted that the victim saw his genitals, but asserted that the victim wanted to see his genitals. He initially maintained that his genitals never penetrated the victim's mouth. Eventually, Appellant admitted that the victim kissed the side of his flaccid penis, but claimed he did not force her.
 {¶ 8} Later in the interview, Appellant admitted that his penis penetrated the victim's mouth. Appellant acknowledged that cheese was used during this incident. According to Appellant, the idea to use the cheese was both his and the victim's. Appellant stated that the victim was afraid his genitals would taste "strange" and they used the cheese to reassure her. Appellant still maintained that he did not ejaculate, but acknowledged that he was probably semi-erect during the incident. Finally, Appellant admitted that B.L. also touched his genitals, but said he was not erect during that incident.
 {¶ 9} Police interviewed B.L, who indicated that she occasionally touched Appellant's genitals. B.L. also described Appellant ejaculating. Finally, B.L. told investigators that she had seen pornographic pictures on the family computer and witnessed her parents engaging in sexual intercourse.
 {¶ 10} The PSI also contained Appellant's version of the offense. In a written statement, Appellant stated, "[I] was viewing adult material on my computer and my daughter come (sic) in wanting to know what I was doing and I told her. She seen (sic) that I was erect and wanted to touch it, so I let her. Then she wanted to kiss it but wanted to put some Nacho Cheese on it first so I let her and she placed it in her mouth. When she was done (sic), she left the room and I finished what I was doing, nothing happened."
 {¶ 11} After giving the written statement, a Parole/Probation Officer interviewed Appellant. In that interview, Appellant stated he was viewing pornographic material on the family computer when the victim approached him. Appellant's penis was erect and outside of his pants. The victim asked if she could feel his genitals and he allowed her. The interviewer asked Appellant if he believed this was appropriate behavior and Appellant replied: "I never thought it was inappropriate to teach your own children about sex."
 {¶ 12} Appellant admitted that the victim held his penis in her hand, but denied that the victim masturbated him. The victim asked if she could kiss his genitals, and he allowed her. According to Appellant, he did not expect the victim to insert his penis into her mouth, but that the victim did that of her own volition. To ease this, both he and the victim decided to spread cheese on his penis. The victim placed the cheese on him, but Appellant spread it around. Appellant admitted that one-inch of his penis penetrated the victim's mouth. Finally, Appellant stated that he did not ejaculate during the incident.
 {¶ 13} During the interview, Appellant told the investigator that parent's should be able to teach their children about sex. When asked how parents should conduct such an education, Appellant stated that children should wait until marriage to have sex, "but if children will do things at a young age it is better to be taught at home." When asked how far Appellant would carry this education, he admitted that he believed mutual masturbation was appropriate. Appellant also stated that he would not sexually touch his child, but that if his child wanted to touch him it was appropriate to allow her. The investigator then asked Appellant why he cried in court if he believed parent-child sexual activity was appropriate. Appellant said he cried because he was "giving up [his] life * * *." Appellant also stated that if he had known he would get into so much trouble for his actions he would have refrained. When asked if he blames the victim, Appellant stated he places no blame on her because she is just a very inquisitive child. Finally, when asked if he had anything else to say, Appellant stated, "I'm just very sorry for myself, my family and friends."
 {¶ 14} The trial court determined that Appellant is a sexual predator. At the sexual predator hearing, the trial court found that: (1) the victim was six years old; (2) Appellant was previously convicted of non-sexually oriented offenses; (3) Appellant was forty-three years old; (4) the offense did not involve multiple victims; (5) Appellant did not use drugs or alcohol to commit the offense; (6) Appellant did not commit any prior sexually-oriented offenses, but was on probation for felony non-support when he committed the present offense; (7) Appellant does not suffer from a mental illness or disability; (8) the nature of the offense involved the rape of a six-year-old child and reiterated the findings in the pre-sentence investigation report; (9) the offense did not involve a demonstrated pattern of abuse; (10) Appellant did not display cruelty or threats of cruelty during the commission of the offense; and (11) no additional behavior characteristics contributed to Appellant's conduct.
 {¶ 15} Despite finding that no additional behavior characteristics contributed to Appellant's conduct, the trial court went on to note that Appellant has "significant difficulties with boundaries of sexual behavior." The trial court pointed to Appellant's sexual activity with consenting adult partners and his admission that he permitted B.L. to touch his genitals.
 {¶ 16} In its journal entry, the trial court reiterated many of these findings, although on a less detailed scale. Specifically, the trial court again noted: (1) the ages of the victim and Appellant; (2) Appellant's prior non-sexually oriented offenses; (3) that the offense involved one victim; (4) that Appellant did not use drugs or alcohol to facilitate the offense; (5) that Appellant was on probation at the time of the offense; (6) that Appellant does not suffer from a mental illness or disability; and (7) that the nature of the conduct was oral intercourse with a child. Finally, the trial court further found that Appellant lacks appropriate sexual boundaries, which make him likely to commit one or more sexually oriented offenses in the future.
 {¶ 17} Appellant appeals, raising the following assignment of error:
 {¶ 18} "THE TRIAL COURT ERRED IN FINDING THE APPELLANT TO BE A SEXUAL PREDATOR PURSUANT TO THE OHIO REVISED CODE SECTION 2950.09."
 {¶ 19} In his sole assignment of error, Appellant asserts that insufficient evidence supports the trial court's judgment. Specifically, he argues that the trial court improperly adjudicated him a sexual predator based on only one factor; the nature of the underlying offense. Appellant contends that the remaining factors for consideration do not prove, by clear and convincing evidence, that he is likely to recidivate. Finally, Appellant argues that the trial court erred when it opined that his lack of sexual boundaries make him likely to recidivate.
 {¶ 20} R.C. 2950.01(E)(1) defines a sexual predator as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09 governs the sexual predator hearing.
 {¶ 21} Before a trial court may adjudicate an offender as a sexual predator, the State must prove, by clear and convincing evidence, that the offender committed a non-registration exempt sexually oriented offense and is likely to engage in one or more sexually oriented offenses in the future. R.C. 2950.09(B)(4); R.C. 2950.01(E). Clear and convincing evidence is defined as "[t]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as * * * `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Schiebel
(1990), 55 Ohio St.3d 71, 74. (Citations omitted.)
 {¶ 22} In making its determination, the trial court must consider all relevant factors, including the factors set forth in R.C. 2950.09(B)(3). Those factors are: "(a) The offender's * * * age; (b) The offender's * * * prior criminal or delinquency record regarding all offenses, included, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *; (d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims; (e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender * * * previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender * * *; (h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * * displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 23} We will not reverse a trial court's finding that an offender is a sexual predator if some competent, credible evidence supports that determination. State v. Davis, Vinton App. No. 03CA584, 2004-Ohio-6839, ¶ 14. Here, Appellant's guilty plea supports the first prong of the sexual predator test. Accordingly, we only review whether the record supports the trial court's finding that Appellant is likely to recidivate.
 {¶ 24} At the outset, we address Appellant's argument that the trial court erred when it found that his lack of appropriate sexual boundaries makes him likely to recidivate in the future. Appellant argues, in part, that the trial court improperly considered his sexual activity with B.L. According to Appellant, this finding expressly contradicts the trial court's finding that the offense did not involve multiple victims. The State argues that the trial court made the latter finding pursuant to R.C. 2950.09(B)(3), which charges the court to only consider whether multiple victims were involved in the underlying offense.
 {¶ 25} R.C. 2950.09(B)(3)(d) requires the trial court to consider "[w]hether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims * * *." Here, the relevant inquiry is whether Appellant's guilty plea involved multiple victims. Because the guilty plea clearly involved only one victim, the trial court properly made its finding pursuant to that factor.
 {¶ 26} However, R.C. 2950.09(B)(3) also permitted the trial court to consider all relevant factors in determining whether Appellant was a sexual predator. To this end, the trial court found that Appellant lacked sexual boundaries, as evidenced by his admitted sexually oriented interaction with B.L. This Court has previously ruled that a trial court may consider additional victims, not involved in the underlying offense, when determining whether an offender is a sexual predator. See Davis,
supra, at ¶ 21. Therefore, some competent, credible evidence in the record clearly supports the trial court's finding that Appellant's weakened sexual boundaries make him a likely candidate to commit one or more sexually oriented offenses in the future.
 {¶ 27} Appellant also argues that the trial court erred when it partly based its finding that he lacked appropriate sexual boundaries on accounts of his sexual activity with consenting adults. We agree that Appellant's sexual activities with consenting adults are not relevant to whether he is a sexual predator. However, as explained in detail below, the record still includes competent, credible evidence to support the trial court's judgment. Therefore, any error is harmless.
 {¶ 28} Appellant next contends that the trial court's finding that his lack of appropriate sexual boundaries prove him likely to recidivate is contradict by its finding pursuant to R.C. 2950.09(B)(3)(j). That statute requires a trial court to consider "[a]ny additional behavioral characteristics that contribute to the offender's * * * conduct." Id.
 {¶ 29} Here, the trial court found that Appellant did not exhibit any additional behavioral characteristics. It is true that this finding seems inconsistent with the trial court's later finding that Appellant suffers from inappropriate sexual boundaries. However, R.C. 2950.09(B)(3) also charges the trial court to consider all relevant evidence. The factors listed serve as a non-exhaustive list. Therefore, the trial court could have found that Appellant suffered from inappropriate sexual boundaries under the "any other relevant evidence" charge. Accordingly, any error between the two inconsistent findings is harmless. Because Appellant does not argue that evidence of his inappropriate sexual boundaries is irrelevant, we decline to address it further.
 {¶ 30} Next, Appellant contends that the trial court erred when it based his adjudication on only one factor contained in R.C. 2950.09(B)(3). According to Appellant, the trial court only considered the nature of the underlying offense. Appellant cites State v. Eppinger, 91 Ohio St.3d 158,2001-Ohio-247, for the proposition that a trial court must base its sexual predator adjudication on more than the nature of the underlying offense. For the reasons that follow, we disagree.
 {¶ 31} First, we find that the trial court based its decision on more than one factor. For example, the trial court found that Appellant was 43 years old, making him clearly old enough to understand the nature of his actions and his duty to refrain. The trial court also found that the victim was six-years-old at the time of the offense. Statistical evidence clearly shows that pedophiles exhibit a high recidivism rate. See Statev. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806, ¶ 13, citingEppinger, supra, at 160-161; State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830. The trial court's finding that Appellant was convicted of prior offenses, although not sexually oriented offenses, shows a disregard for the law. See State v. McElfresh (July 14, 2000), Washington App. No. 99CA36. Finally, the trial court also considered Appellant's lack of appropriate sexual boundaries, as exhibited by his admitted sexual interaction with B.L.
 {¶ 32} We acknowledge that the trial court could have drafted its journal entry and verbal findings by directly linking each relevant factor to its ultimate decision. In Eppinger, the Ohio Supreme Court set forth the components for a model sexual predator hearing, and urged trial courts to follow it. Id. at 166-167. However, Eppinger does not mandate a model hearing. Id. We have held the same, provided the trial court's findings are supported with ample evidence in the record. See State v.Noland, Washington App. No. 02CA28, 2003-Ohio-1386, at ¶ 33-34, reversed on other grounds, citing State v. Garrie, Washington App. No. 01CA21, 2002-Ohio-5788, ¶ 33-34; State v. Davis, Washington App. No. 00CA13, 2001-Ohio-2522. Thus, because the record contains competent, credible evidence to support these findings, we merely sustain them.
 {¶ 33} Second, we find Eppinger distinguishable from the case at bar. In Eppinger, the trial court adjudicated the offender as a sexual predator without hearing any testimony, or reviewing a PSI or the trial transcripts. Id. at 164-165. Instead, the trial court relied on its memory of the trial, which was held years earlier, to find that the nature of the underlying offense proved that the offender was likely to recidivate. Id. Here, both the State and Appellant chose to not put forth any testimony or arguments in the sexual predator hearing. The trial court expressly relied on the PSI, which was uncontested.
 {¶ 34} Moreover, we have held that a trial court can properly adjudicate an offender as a sexual predator even if only one factor is present. See State v. Shahan, Washington App. No. 02CA63, 2003-Ohio-6945, ¶ 24. Therefore, because Eppinger is distinguishable from this case, and because our precedent permits a trial court to adjudicate an offender as a sexual predator on the basis of one factor alone, we overrule Appellant's argument.
 {¶ 35} Finally, we address the trial court's finding that the nature of the underlying offense shows that Appellant is likely to recidivate. We first note that Appellant pled guilty to raping his young daughter. In so doing, he abused his position of trust and authority. Appellant's statements during his police interview and pre-sentence investigation are disturbing and show he is likely to recidivate. Appellant plainly stated that he believed he had the right to teach his daughter about sex, and that his actions were an appropriate means of doing so. Appellant acknowledged that he believed it is appropriate for parents and children to engage in mutual masturbation and for children to sexually touch their parents. These beliefs led him to rape his young daughter. Appellant never expressed any remorse for his actions, other than his regret that they resulted in his arrest and conviction. He also never expressed any sympathy for his young victim. In addition, while Appellant maintained that he did not blame his victim, he paradoxically asserted that the victim initiated the contact by being a "very inquisitive child." Thus, some competent credible evidence supports the trial court's finding that the nature of the underlying crime shows his likelihood to recidivate.
 {¶ 36} In conclusion, we find that some competent, credible evidence supports the trial court's judgment that Appellant is a sexual predator. In particular, the victim's age, Appellant's prior offenses, his age and his lack of appropriate sexual boundaries, and the nature of the underlying offense prove, by clear and convincing evidence, that Appellant is likely to engage in one or more sexually oriented offenses in the future. Accordingly, we overrule Appellant's sole assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that costs herein be taxed to the appellant.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.