DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, which held appellant should be classified a sexual predator pursuant to R.C. 2950.02. For the reasons set forth below, this court reverses the judgment of the trial court.
 {¶ 2} Appellant, Patrick Henry, sets forth the following two assignments of error:
 {¶ 3} "Assignment of Error I:
 {¶ 4} "The state failed to meet its burden of proof of providing clear and convincing evidence that appellant should be classified as a sexual predator.
 {¶ 5} "Assignment of Error II:
 {¶ 6} "Appellant's counsel provided ineffective assistance of counsel by not seeking second expert opinion and by calling a hostile and adverse psychologist as a defense expert knowing that he would opine that appellant was a sexual predator."
 {¶ 7} The following undisputed facts are relevant to the issues raised on appeal. In April 1985, appellant was convicted on one count of kidnapping in violation of R.C. 2905.01 and four counts of rape in violation of R.C. 2907.01. Appellant was sentenced to an indefinite term of incarceration of not less than 28 years and not more than 65 years incarceration. Appellant remains incarcerated.
 {¶ 8} On May 26, 2005, the trial court conducted a sexual offender classification hearing. Appellant's classification hearing was conducted simultaneously with two codefendants also convicted for the 1985 crimes. The trial court judged appellant to be a sexual predator, while simultaneously finding the two codefendants not sexual predators.
 {¶ 9} During the highly unusual joint hearing, appellant furnished information to the court relevant to the sexual predator determination. During his 20 years of incarceration, appellant has been disciplined on one occasion. This disciplinary incident did not pertain to matters of violence or sexually related activity. The single disciplinary incident arose from appellant's possession of a prohibited concoction of coffee, soda, and kool-aid in his cell.
 {¶ 10} The hearing demonstrated the bulk of the factors to be considered in the sexual predator decision weighed in favor of appellant. Appellant has no prior criminal record. Appellant's victim was approximately the same age as appellant. The crime committed by appellant and the codefendants involved a single victim. Appellant did not utilize drugs or alcohol to impair the victim. Appellant successfully completed a human sexuality class, initiated by the prison at appellant's request. Appellant does not suffer from mental illness or disability. Appellant's conduct in committing the crimes did not stem from a demonstrated pattern of abuse. Appellant's crimes did not arise from preexisting intent to commit such crimes. Appellant successfully completed a two year associate degree while incarcerated. Appellant received a series of individual counseling sessions, not routinely offered to inmates, at appellant's initiative.
 {¶ 11} The record reveals that despite the above, the trial court's determination exclusively relied upon the conclusion of the court appointed psychiatric witness, David Connell. Connell placed appellant in the "medium to high risk" category for recidivism. Connell's conclusion was based primarily upon appellant's failure to complete a "structured" sexual offender program. Connell conceded that if appellant had completed this program, he would have found the probability of recidivism "substantially reduced." A "structured" program was not offered in appellant's prison.
 {¶ 12} The bulk of uncontroverted evidence presented to the trial court weighed against finding appellant a sexual predator. Nevertheless, Connell testified that he placed appellant in a medium to high risk of recidivism based on appellant's failure to complete a course unavailable to him. The court ruled appellant to be a sexual predator. Appellant filed a timely notice of appeal.
 {¶ 13} In his first assignment of error, appellant asserts the state did not satisfy its clear and convincing burden of proof to warrant designating appellant a "sexual predator."
 {¶ 14} An appellate court may not substitute its judgment for that of the trial court so long as the disputed judgment is supported by credible evidence. Mayer v. A-Custom Bldrs., Inc.,
11th Dist. No. 04-G-2563, 2005-Ohio-2083, at ¶ 17, 18. The heart of this case is whether the trial court abused its discretion in finding appellant a sexual predator. An abuse of discretion goes beyond an error of law or judgment. There is no abuse of discretion absent unreasonable, arbitrary, or unconscionable acts by the trial court. Landis v. Grange Mut. Ins. Co. (1998),82 Ohio St.3d 339, 342.
 {¶ 15} In order to ascertain whether the trial court's sexual predator determination was an abuse of discretion, we must review the statutorily enumerated factors which must be weighed to justify a sexual predator classification in comparison with the evidence presented to the trial court.
 {¶ 16} The factors to consider in determining whether one should be deemed a "sexual predator" are set forth in R.C.2950.09(B)(3). The factors are as follows:
 {¶ 17} "(a) The offender's or delinquent child's age;
 {¶ 18} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 19} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 20} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 21} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 22} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 23} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 24} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 25} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 26} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 27} Our review of the evidence reveals that an overwhelming portion of the evidence disfavored a sexual predator finding. Appellant's age makes him less likely to be a recidivist. Appellant's lack of prior criminal record makes him less likely to be a recidivist. The fact that appellant's victim was of a comparable age makes appellant less likely to be a recidivist. The fact that appellant did not have multiple victims makes him less likely to be a recidivist. The fact that appellant did not manipulate the victim with drugs or alcohol prior to committing the offenses makes him less likely to be a recidivist. The fact that appellant successfully completed human sexuality courses and obtained a two year associate degree makes him less likely to be a recidivist. Appellant's lack of mental illness or mental disability makes him less likely to be a recidivist. The cruel and violent nature of appellant's crime makes him more likely to be a recidivist upon release. The fact that appellant's conduct was not part of a demonstrated pattern of abuse makes him less likely to be recidivist. Lastly, the lack of evidence that appellant had formed a preexisting intent to commit the crimes prior to committing them makes him less likely to be a recidivist. The evidence demonstrates that nine out of the ten statutory factors to be considered weighed against deeming appellant a "sexual predator."
 {¶ 28} The trial court heard testimony of psychiatric expert witness Connell that he determined appellant to be medium to high risk for recidivism. The record shows this conclusion was based upon appellant's failure to complete a "structured" sexual offender treatment program. The record shows that such a program is not offered at the facility in which appellant is incarcerated. Connell conceded that he would have found the likelihood of recidivism by appellant to be "substantially reduced" if appellant had completed a program of the type unavailable to him.
 {¶ 29} The evidence presented clearly weighed against a sexual predator classification. In conjunction with this, the propriety of a group sexual predator hearing is suspect. Appellant's hearing was conducted simultaneously with all codefendants and their counsel present in the court room.
 {¶ 30} The record shows appellee State of Ohio had to be admonished on multiple occasions for improperly referencing and comparing the facts pertaining to one defendant during another defendant's portion of the hearing. A comparison of the factors of one defendant to another defendant is not relevant in sexual predator classification. In closing, appellee argued "So I submit to you, your honor, that among Lamont Walker, Troy Hill, and Patrick Henry, I submit to you Patrick Henry is the worst one,and he needs to be registered as a sexual predator more than anyof the others." Such an argument is irrelevant and improper.
 {¶ 31} We find the wealth of evidence contradicts classifying appellant a sexual predator. The argument that appellant was somehow more deserving of being deemed a sexual predator compared to the two codefendants is not rooted in law or statute. It is not relevant. Lastly, Connell's expert testimony concluding appellant is medium to high risk for recidivism was not well grounded. Connell's conclusion was based upon appellant's failure to complete a "structured" course arguably unavailable to appellant.
 {¶ 32} The record shows the factual evidence presented to the trial court weighed against a sexual predator finding on nearly all statutory factors. Under these circumstances, we find it arbitrary and unreasonable to judge appellant a sexual predator. Appellant's first assignment of error is found well-taken.
 {¶ 33} In his second assignment of error, appellant claims his counsel was ineffective in not seeking an alternative expert witness opinion and in calling Connell as a witness when Connell's testimony appears adverse to appellant. The Supreme Court of Ohio has established the principal we follow in analyzing ineffective assistance of counsel claims. A properly licensed Ohio attorney is presumed competent. State v. Hamblin
(1988), 37 Ohio St.3d 153.
 {¶ 34} The burden is placed on one alleging incompetence to present compelling evidence of deficient competency by trial counsel. To prevail on an ineffective assistance of counsel claim, one must satisfy a two prong test. First, compelling evidence must be presented establishing that the representation of counsel fell below an objective standard of reasonableness. Second, it must be demonstrated that the ultimate results of the proceeding would have been different absent the alleged errors of counsel. State v. Womac, 6th Dist. No. L-04-1092,2005-Ohio-2689, at ¶ 14.
 {¶ 35} In support of this second assignment of error, appellant asserts that his counsel was deficient in failing to seek a second expert opinion and in having Connell on the witness stand despite Connell's conclusion appellant is in a medium to high risk recidivism category.
 {¶ 36} We find this argument fails to acknowledge counsel's effectiveness in refuting the accuracy of Connell's conclusion. Counsel for appellant elicited testimony from Connell in which Connell conceded his conclusion was based upon appellant's failure to complete an unavailable program. Connell further conceded the adverse category conclusion would have been "substantially reduced" if appellant had completed the unavailable program.
 {¶ 37} The record contains no compelling evidence that the representation of counsel for appellant fell below an objective standard of reasonableness. No alleged errors on the part of counsel caused the disputed sexual predator classification. Appellant's second assignment of error is found not well-taken.
 {¶ 38} On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Wood County Court of Common Pleas is reversed. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Skow, J. Parish, J. concur.