DECISION AND JUDGMENT ENTRY
{¶ 1} On July 11, 2006, appellant, Marcus Dyer, was charged with two counts of gross sexual imposition, a felony of the third degree and a violation of R.C. 2907.05(A)(4). On July 19, 2006, appellant executed a written plea of no contest to a single charge of gross sexual imposition. *Page 2 
 {¶ 2} Appellant was referred to the Court Diagnostic and Treatment Center for a sexual offender classification evaluation pursuant to R.C.2950.01 et seq. On October 3, 2006, the trial court held a hearing to determine appellant's sexual offender status, pursuant to H.B. 180 and R.C. 2950.04. The trial court found clear and convincing evidence to support appellant's classification as a sexual predator as defined by R.C. 2950.01(E). Appellant was ordered to submit DNA pursuant to R.C.2929.13(H) and he was notified of his duties to report according to the reporting statutes. He was sentenced to a term of two years incarceration.
 {¶ 3} Appellant submitted one assignment of error for review:
 {¶ 4} "The Court Erred In Adjudicating Appellant A Sexual Predator, Pursuant To Ohio Revised Code § 2950.09(C)(2), In The Absence Of Sufficient Evidence That Would Establish By Clear And Convincing Evidence A Liklihood [sic] To Engage, In The Future, In A Sexually Oriented Offense."
 {¶ 5} The Ohio Supreme Court recently clarified the standard of review applicable to sex offender classifications. "Because sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the judge's findings are supported by some competent, credible evidence." State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, syllabus. The civil standard requires the reviewing court to grant more deference to the trial court than the criminal standard. Id. at ¶ 26, citing Barkley v. Barkley (1997), *Page 3 119 Ohio App.3d 155, 159. "Thus, a judgment supported by `some competent, credible evidence going to all the essential elements of the case' must be affirmed." Id., citing CE. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279.
 {¶ 6} Sex offenders may be classified into one of three categories: sexual predators, habitual sexual offenders, and sexually oriented offenders. R.C. 2950.09; State v. Eppinger (2001), 91 Ohio St.3d 158,161; Wilson, 2007-Ohio-2202, ¶ 12. A "sexual predator," the most stringent designation, is defined by R.C. 2950.01(E) as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." A trial court must hold a hearing to determine an offender's classification pursuant to R.C. 2950.09. Eppinger,91 Ohio St.3d at 166.
 {¶ 7} At a classification hearing, a trial court is required to consider the statutory factors listed in R.C. 2950.09(B)(3), which provides:
 {¶ 8} "In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 9} "(a) The offender's or delinquent child's age;
 {¶ 10} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 11} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made; *Page 4 
 {¶ 12} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 13} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 14} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 15} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 16} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 17} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 18} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct." R.C. 2950.09(B)(3). *Page 5 
 {¶ 19} At the hearing, a court "should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." State v.Carpenter, 6th Dist. No. L-04-1195, 2005-Ohio-6133, ¶ 30, citingEppinger, 91 Ohio St.3d at 166. While it is not necessary for each factor to be separately articulated at the hearing, a discussion, either on the record or in the journal entry, of the trial court's consideration of each factor "aid[s] the appellate courts in reviewing the evidence on appeal and ensure a fair and complete hearing for the offender." Id., citing Eppinger, 91 Ohio St.3d at 167. However, a trial court has discretion to determine how to weigh each guideline. State v.Thompson (2001), 92 Ohio St.3d 584, 588; Wilson, 2007-Ohio-2202, ¶ 19. The list of factors is nonexhaustive. Id.
 {¶ 20} At appellant's classification hearing, Dr. Gregory Forgac, Ph.D., clinical psychologist, and Dr. Charlene Cassel, Ph.D., clinical psychologist, testified and submitted written reports assessing appellant's potential recidivism. The trial court admitted both written reports into evidence. Dr. Forgac based his assessment on an interview and appellant's scores on the Minnesota Multiphasic Personality Inventory 2. He testified that appellant presented as "relatively normal," and found "nothing that would indicate severe psychological/psychiatric disturbance." He also completed a Static-99, an "actuarial instrument" used to predict the likelihood of sex offense recidivism based on a person's static history; Dr. Forgac testified that the Static-99 is generally accepted in the psychological community, used routinely in sex offender evaluations. Appellant's results showed a medium high risk, with a 40 percent chance of *Page 6 
recidivism and a 50 percent chance of violent recidivism over a 15 year period of time; this score did not account for appellant's plea sub judice.
 {¶ 21} Of the factors listed in R.C. 2950.09(B)(3), he found six factors applied to appellant: appellant's young age, increasing the likelihood of recidivism; his prior criminal record and convictions; the young age of the victims; the multiple victims; sexual offending behavior continued over a period of time; and smoking marijuana daily and unemployment, both of which increase the likelihood of recidivism. Dr. Forgac opined that a likelihood existed that appellant would sexually offend in the future, and recommended that appellant be classified a sexual predator.
 {¶ 22} Dr. Cassel also conducted one interview with appellant, reviewed his records, administered the MMPI and the Static-99, and submitted a written report evaluating appellant's likelihood of recidivism which was admitted into evidence. Her Static-99, like Dr. Forgac's, showed appellant had a medium-high risk for reoffending. She also completed the Hare Psychopathy Checklist, designed to detect psychopathy, with appellant. For the Hare, she asked certain questions of appellant in the interview and then scored the extent of characteristics on a scale; therefore, the results were based on her subjective perceptions. Appellant scored a 30 on the Hare, the cutoff point for psychopathy; Dr. Cassel indicated this was "high." Appellant scored the highest on the Hare factor which represented a chronically unstable and antisocial lifestyle. A subject's score above 30 points results in an 80 percent probability of recidivism. In her report, Dr. Cassel found seven factors of R.C. 2950.09(B)(3) applied to appellant: he is a youthful *Page 7 
offender, increasing the likelihood of recidivism; he admitted to a prior sexual offense occurring in 1999 for which he was not convicted; the age of the victims make it appear as though "he is developing a preference for children"; multiple victims were involved; the nature of the conduct and the pattern of abuse raises the probability that he would reoffend; he has been convicted of other offenses and committed the instant offenses after incarceration; and she found appellant to "clearly" meet the criteria for an antisocial personality disorder. She also recommended the sexual predator classification.
 {¶ 23} The trial court did not list the R.C. 2950.09(B)(3) factors in its judgment entry or express any reasons in support of its conclusion that appellant is a sexual predator. At the hearing, the trial court expressed its consideration of both psychological reports, specifically, that both Static-99 tests found a medium high risk of sexual offense recidivism and that both reports were "strikingly similar" in all respects.
 {¶ 24} Although the trial court did not separately discuss each (or any, for that matter) of the factors of R.C. 2950.09(B)(3), it did discuss the particular evidence upon which it relied. It also expressly stated that it considered both psychological reports and all psychological tests. Both reports discussed each of the statutory factors; thus, the trial court's consideration of this evidence demonstrates its consideration of the statutory factors. This level of consideration, while not exactly mimicking the model hearing embraced inEppinger, does not confound appellant review but meets the objective of providing adequate review. State v. Cook (1998), 83 Ohio St.3d 404, 425;State v. Miller, *Page 8 
12th Dist. No. CA2006-05-011, 2007-Ohio-784, ¶ 15; but see State v.Parker, 7th Dist. No. 03-MA-190, 2005-Ohio-4888, ¶ 44.
 {¶ 25} Further, upon review of the evidence considered by the trial court, we find ample competent, credible evidence supports the conclusion that appellant is more likely than not to engage in the future in one or more sexually oriented offenses. Appellant points to the lack of applicable factors, namely, that he had no prior sexually oriented convictions, that he was not afflicted with a mental illness or disability, that he did not use drugs or alcohol, threats or acts or cruelty in the commission of the offense, and that he has not demonstrated a pattern of abuse. The trial court did, however, consider the factors found by two psychological reports which found more factors applicable rather than inapplicable. State v. Henry, 6th Dist. No. WD-05-047, 2006-Ohio-3388, ¶ 27; but see State v. Lent, 4th Dist. No. 04CA38, 2005-Ohio-4757, appeal not allowed by 108 Ohio St.3d 1437,2006-Ohio-421 (holding that only one factor can sufficiently support a sexual predator classification). In addition, prior sexually oriented convictions are not necessary to a sexual predator classification.State v. Purser, 153 Ohio App.3d 144, 2003-Ohio-3345; State v.Anthony, 11th Dist. No. 2004-L-104, 2005-Ohio-5610, ¶ 35. While appellant cites many cases utilizing the Static-99 and resulting in widely different risk assessments given the facts of the offenses to support his argument that the tool is flawed, the trial court here found the similarity between the two court-ordered assessments significant. To reiterate, a trial court has discretion to determine how to *Page 9 
weigh each statutory factor. State v. Thompson (2001),92 Ohio St.3d 584, 588; Wilson, 2007-Ohio-2202, ¶ 19. Appellant's sole assignment of error is found not well-taken. {¶ 26} The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1