DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Kevin E. Waulk appeals the Ross County Common Pleas Court's sexual predator adjudication. Because the record contains competent and credible evidence to support the trial court's sexual predator adjudication, we disagree with Appellant. Therefore, we overrule Appellant's assignment of error and affirm the trial court's judgment.
 {¶ 2} Appellant admitted to engaging in sexual activity with his nephew on four occasions between January 7, 1993, and March 14, 1995. The sexual abuse started when his nephew was in kindergarten and it continued into the child's first year of elementary school. This matter was not reported to authorities until 2004, when the Appellant again saw his nephew, smiled at him and stated, "Why don't you come up here and suck my . . . again."
 {¶ 3} On June 25, 2004, the Ross County Grand Jury returned an indictment that charged Appellant with four counts of rape involving a male under the age of thirteen, in violation of R.C.2907.02.
 {¶ 4} On November 12, 2004, Appellant's attorney filed with the Court a suggestion of incompetence to stand trial. Appellant was interviewed by a psychiatric examiner, who reported that, although he had been diagnosed with psychiatric illness, he nevertheless met the criteria for legal competence. The trial court ruled on January 10, 2005.
 {¶ 5} On March 14, 2005, Appellant entered pleas of guilty to all four counts contained in the indictment. After being accused of these offenses and prior to sentencing, Appellant wrote a statement that attempted to put the blame for the rape on the victim.
 {¶ 6} On April 25, 2005, the trial court sentenced Appellant to six years in prison on each count, all to be served concurrently. The trial court also found him to be a sexual predator, after a hearing pursuant to R.C. Chapter 2950, noting Appellant's claim that he was having sexual identity problems when he committed the offense, but also noting Appellant still had not addressed those issues at the time of the sexual classification hearing.
 {¶ 7} Appellant now appeals the trial court's sexual predator determination, assigning the following error for our review:
{¶ 8} "I. THE TRIAL COURT ERRED WHEN IT DETERMINED THATAPPELLANT IS A SEXUAL PREDATOR."
 {¶ 9} Appellant argues that the trial court should not have determined that he is a sexual predator based on facts ten years old, without significant previous criminal history and without any other indication that he is likely to re-offend. Appellant asserts that the trial court should not have determined that Appellant has a possibility of re-offending, because the psychological report found the likelihood of recidivism to be "low to moderate." After a review of the record, we reject all of Appellant's arguments.
 {¶ 10} Under R.C. 2950.01(E), a "sexual predator" is a person who has been convicted of, or pleaded guilty to, committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Before a court may adjudicate an offender as a sexual predator, the state must present clear and convincing evidence that the offender committed a sexually oriented offense and that the offender is likely to commit future sexually oriented offense(s). State v. Longnecker
Washington App. No. 02CA76, 2003-Ohio-6208; State v. Eppinger,91 Ohio St.3d 158 at 163, 2001-Ohio-247, 743 N.E.2d 881.
 {¶ 11} "Clear and convincing evidence is evidence that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." See, Id.;Cross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118. The clear and convincing evidence standard is considered a higher degree of proof than a mere "preponderance of the evidence," the standard generally utilized in civil cases. However, it is less stringent than the "beyond a reasonable doubt" standard used in criminal trials. See, Id; State v. Schiebel (1990),55 Ohio St.3d 71, 74, 564 N.E.2d 54; Cross, paragraph three of the syllabus.
 {¶ 12} When reviewing whether "clear and convincing evidence" supports the trial court's decision, we must examine the record and ascertain whether sufficient evidence exists to meet this burden of proof. See, In re Adoption of Holcomb (1985),18 Ohio St.3d 361, 368, 481 N.E.2d 613. This type of review is deferential to the trial court. We will not overturn a trial court's sexual offender classification unless the manifest weight of the evidence fails to support it. Thus, we must affirm the court's judgment if the record contains competent, credible evidence to support it. State v. Noland Washington App. No. 02CA28, 2003-Ohio-1386; see, also, Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273; C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus. In reviewing the court's decision, we are not permitted to substitute our judgment for that of the trial court. See State v. Purser, 153 Ohio App. 3d 144,2003-Ohio-3345, 791 N.E. 2d 1053; State v. Alicea, Mahoning App. No. 99CA36, 2002-Ohio-6907.
 {¶ 13} Under 2950.09(B)(3), factors to consider when determining whether an offender should be classified as a sexual predator include the following: (1) the offender's age; (2) the offender's prior criminal history regarding all offenses, including, but not limited to, all sexual offenses; (3) the age of the victim of the sexually oriented offense for which the sentence is to be imposed; (4) whether the sexually oriented offense for which the sentence is to be imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (6) if the offender previously has been convicted of or pleaded guilty to a criminal offense, whether the offender completed any sentence imposed for the prior offense or act and, if the prior offense or act was a sexual offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's sexual conduct, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (9) whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; and (10) any additional behavioral characteristics that contribute to the offender's conduct.
 {¶ 14} Although R.C. 2950.09(B) provides a framework for determining whether an offender is a sexual predator, the factors "do not control a judge's discretion." State v. Longnecker,
supra; State v. Thompson (2001), 92 Ohio St.3d 584, 585-87,752 N.E.2d 276. Instead, a trial court may "consider all relevant factors" and possesses "discretion to determine what weight, if any," to assign to each factor. Id. at 587-88. This "interpretation [of the statute] makes sense because determining recidivism is at best an imperfect science and while the guidelines set forth potentially relevant factors, some may not be applicable in every case." Id. at 588.
 {¶ 15} Therefore, a court is under no obligation to "tally up" the R.C. 2950.09(B) factors in any particular fashion. Statev. Mollohan (Aug. 20, 1999), Washington App. No. 98CA13, 1999 WL 671824. A court may classify an offender as a sexual predator even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense. Id. If the enumerated factors indicate that an offender is likely to commit a future sexual offense, a trial court may designate even a first time offender a sexual predator. State v. Longnecker, supra; State v. Meade
(April 30, 1999), Scioto App. No. 98CA2566, 1999 WL 299890;State v. Dunn (June 17, 1998), Pickaway App. No. 98CA26, 1998 WL 337079. However, while "even one sexually oriented offense is reprehensible and does great damage to the life of the victim, R.C. Chapter 2950 is not meant to punish a defendant, but instead, to protect the safety and general welfare of the people of this state." Id; Eppinger, 91 Ohio St.3d at 165.
 {¶ 16} Additionally, a trial court should discuss on the record the particular evidence and factors upon which it relies to support its decision that recidivism is likely. Eppinger,91 Ohio St.3d at 166-167. However, a trial court is not required to express its reasoning or make explicit findings on all criteria listed in the statute. It need only consider and address the relevant factors. State v. Noland, supra.
 {¶ 17} In the case below, Appellant asserts that the evidence does not clearly and convincingly show that he is likely to re-offend. Appellant argues that the psychological report prepared before sentencing found the likelihood of recidivism to be "low to moderate." We disagree and conclude as other courts have that, "Whether an offender is likely to re-offend sexually is not bound by or couched in terms of recidivism test results, but is instead defined by the application and examination of statutory factors and consideration of relevant circumstances and evidence on a case-by-case basis." Longnecker, supra; State v.Robertson (2003), 147 Ohio App.3d 94, 102, 2002-Ohio-494,768 N.E.2d 1207 (rejecting the defendant's claim that a twenty-percent probability of re-offending sexually). Further, "the law does not rely solely on psychiatric [or other expert] findings for a determination of recidivism." Id. Moreover, "trial courts should not be forced to accept the conclusions of psychologists or psychiatrists as to whether an individual is a sexual predator." State v. Randall (2001), 141 Ohio App.3d 160,166, 750 N.E.2d 615; State v. Clutter (January 28, 2000), Washington App. No. 99CA19, 2000 WL 134730. (stating that the trier of fact determines what weight should be given to expert testimony.)
 {¶ 18} Here, the Appellant was related to the victim and the vast disparity in years between Appellant and his victim further support the trial court's sexual predator finding. Additionally, "an offender who preys on children * * * may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism." Longnecker, supra; Eppinger,91 Ohio St.3d at 162; State v. Keerps, Washington App. No. 02CA2, 2002-Ohio-4806 (noting that Eppinger cited a study that revealed recidivism is as high as 72 % among child molesters.) The victim was approximately twenty-five-years younger than Appellant, Appellant blamed the victim for the offense, and he raped a young child. Other courts have recognized these factors as valid indicators that an offender poses a recidivism risk and justifies a classification as a sexual predator. Longnecker,
supra. Thus, the totality of the factors sufficiently supports the trial court's sexual predator finding.
 {¶ 19} Accordingly, we find that the trial court did not err in finding that the state had shown by clear and convincing evidence that Appellant is a sexual predator. We therefore overrule Appellant's sole assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.