DECISION AND JUDGMENT ENTRY
{¶ 1} After Trent Offenberger pled guilty to the attempted rape of his 12-year-old daughter, the trial court determined he was a sexual predator. In order to make that determination, the court had to find by clear and convincing evidence that Offenberger was guilty of committing a sexually oriented offense and that he is likely to engage in similar conduct in the future. In this appeal, Offenberger contests the second finding on the basis it is not supported by clear and convincing evidence.
 {¶ 2} R.C. 2950.09(B)(3) provides a nonexclusive list of factors the court must consider in this context. First, Offenberger contests the court's finding that his conduct was part of a demonstrated pattern of abuse because he has only *Page 2 
this single instance of sexual misconduct on his record. He misconstrues the meaning of terms. A pattern of abuse may be demonstrated by either a series of convictions for separate offenses or a single situation in which the conduct persists repeatedly over an extended period of time. Here, the record indicates Offenberger committed multiple instances of sexual misconduct against his daughter and they occurred over an extended period of time.
 {¶ 3} Offenberger also contends the court determined his status by looking solely at the nature of this offense. He overlooks the fact the record contains plenty of evidence to support the other statutory indicators the court must use in its analysis of potential recidivism. For instance, the approximately 20-year age disparity between him and the victim, the father-daughter relationship with the victim in which Offenberger abused his position of trust and authority, and his fairly lengthy criminal record, which shows his disregard for the law, all support a conclusion that Offenberger is likely to reoffend. Because the presence of even one or two of the factors may be sufficient to support a finding of potential recidivism, Offenberger's argument that the court relied solely on the nature of this offense to determine his status is meritless. Accordingly, we affirm the trial court's judgment.
 I. Facts {¶ 4} In September 2005, the Washington County Grand Jury returned an indictment charging Offenberger with one count of rape and gross sexual imposition (GSI) involving his twelve-year-old daughter, in violation of R.C. 2907.02(A)(1)(b) and 2907.05(A)(4) respectively. After initially pleading not guilty *Page 3 
to the charges, Offenberger subsequently pled guilty to attempted rape in exchange for the state's dismissal of the GSI charge. In entering his guilty plea, Offenberger stipulated to the factual basis proffered by the prosecutor in support of the guilty plea, i.e., he agreed to the correctness of statements both by the victim that he fondled her breasts and vaginal area and engaged in digital and penile penetration of her at their residences in Marietta and Belpre until August 2005, and his own taped statements to the victim's mother admitting he had inserted his fingers into the victim's vagina. After accepting Offenberger's guilty plea, the trial court ordered the preparation of a presentence investigation report ("PSIR") and scheduled a combined sentencing and sexual offender status hearing for April 2006.
 {¶ 5} According to the PSIR, the victim disclosed in an interview with a sheriff's detective and a children's services caseworker that she had been "digitally penetrated, fondled, and penetrated in her vaginal area by the defendant's penis" beginning when she was nine years old and continuing until she was 12 years old.
 {¶ 6} In his version of the offense contained in the PSIR, Offenberger denied sexually abusing the victim. He stated that the victim developed physically before puberty, the victim's mother allowed her to wear skimpy clothes and make-up that made her look older than she was, and the victim "thinks too much about boys". He claimed the victim made the sexual abuse allegations against him as retaliation because he was the one who disciplined her. He also claimed the victim's mother and grandmother were behind the sexual abuse *Page 4 
allegations because he had sex with the victim's mother's sister when she was 14 years old. Offenberger contended he had made the taped statements to the victim's mother admitting that he fondled the victim in order to pacify the victim's mother and tell her what she wanted to hear so they would get back together as a couple.
 {¶ 7} At the April 2006 hearing, the trial court sentenced Offenberger to four years in prison. In determining Offenberger's sexual offender status, the trial court found: (1) he was 31 years old at the time of the hearing; (2) he had a lengthy record both as a juvenile from 1988 to 1992 and as an adult from 1994 to 2002; (3) the victim was nine years old when the sexual abuse started and twelve years old when it stopped; (4) the offense did not involve multiple victims; (5) there was no evidence Offenberger used drugs or alcohol to commit the offense; (6) his previous record indicates that on at least one occasion he did not complete probation but was sentenced to an institution as a juvenile; (7) as to mental illness or disability, Offenberger appears to be a slow learner; (8) the nature of the offense involved touching, digital penetration, and perhaps penile penetration; (9) the conduct at issue involved a demonstrated pattern of abuse; (10) he did not display cruelty or threats of cruelty during the commission of the offense; and (11) no additional behavioral characteristics contributed to his conduct. The trial court concluded that Offenberger is likely to engage in the future in one or more sexually oriented offenses, and it adjudicated him a sexual predator. In support, the trial court pointed to: the age disparity between Offenberger and the victim, a continuing and demonstrated pattern of abuse *Page 5 
against the victim in this case, and Offenberger's previous record, which indicates he continued to commit felonies as an adult after he failed to complete probation and was sentenced to an institution as a juvenile offender.
 II. Assignment of Error {¶ 8} Offenberger appeals his sexual predator adjudication, raising the following assignment of error:
 The trial court erred in finding Mr. Offenberger to be a sexual predator.
 III. Analysis {¶ 9} In his sole assignment of error, Offenberger asserts the record does not contain clear and convincing evidence to support the trial court's sexual predator determination.
 {¶ 10} In order for an offender to be classified as a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of, or pled guilty to, committing a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(4);State v. Eppinger (2001), 91 Ohio St.3d 158, 163.
 {¶ 11} "Clear and convincing evidence" is evidence that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. See, Eppinger, supra, at 163; Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. "`It does not mean clear and unequivocal.'" Eppinger, at 164, quotingCross, at 477. The clear and convincing evidence standard is considered a higher degree of proof than a mere "preponderance of *Page 6 
the evidence," the standard generally utilized in civil cases. However, it is less stringent than the "beyond a reasonable doubt" standard used in criminal trials. See, State v. Schiebel (1990), 55 Ohio St.3d 71, 74;Cross, at 477.
 {¶ 12} When reviewing whether "clear and convincing evidence" supports the trial court's decision, we must examine the record and ascertain whether sufficient evidence exists to meet this burden of proof. See,In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368. This type of review is deferential to the trial court, and we must affirm the court's judgment if the record contains some competent, credible evidence to support it. See, Schiebel, at 74, and State v. Longnecker, Washington App. No. 02CA76, 2003-Ohio-6208, at ¶ 23. In reviewing the court's decision, we are not permitted to substitute our judgment for that of the trial court. See, Longnecker, supra; State v. Waulk, Ross App. No. 05CA2847, 2006-Ohio-929, at ¶ 12.
 {¶ 13} R.C. 2950.09(B)(3) sets forth a non-exhaustive list of factors that the trial court must consider when determining whether an offender should be classified as a sexual predator. State v. Thompson (2001),92 Ohio St.3d 584, 587-588. Those factors include the following: (1) the offender's age; (2) the offender's prior criminal history regarding all offenses, including, but not limited to, all sexual offenses; (3) the age of the victim of the sexually oriented offense for which the sentence is to be imposed; (4) whether the sexually oriented offense for which the sentence is to be imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (6) if the offender *Page 7 
previously has been convicted of or pleaded guilty to a criminal offense, whether the offender completed any sentence imposed for the prior offense or act and, if the prior offense or act was a sexual offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's sexual conduct, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (9) whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty; and (10) any additional behavioral characteristics that contribute to the offender's conduct.
 {¶ 14} Although R.C. 2950.09(B) provides a framework for determining whether an offender is a sexual predator, a trial court may consider all relevant factors and possesses discretion to determine what weight, if any, to assign to each factor. Thompson, 92 Ohio St.3d at 587;Longnecker, supra, at ¶ 25. A trial court may classify an offender as sexual predator even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense. Longnecker, supra, at ¶ 25; Waulk, supra, at ¶ 15; State v. Meade (Apr. 30, 1999), Scioto App No. 98CA2566. See, also, Eppinger, supra, at 167. *Page 8 
 {¶ 15} Offenberger contends the trial court erred in finding that his conduct was part of a "demonstrated pattern of abuse" because he has only this single instance of sexual misconduct on his record. However, a pattern of abuse may be demonstrated by either a series of convictions for separate offenses or a single situation in which the conduct persists repeatedly over an extended period of time. See, Eppinger;Waulk; Longnecker; Meade, supra. See, also, State v. Lent, Washington App. No. 04CA38, 2005-Ohio-4757, appeal not allowed,108 Ohio St.3d 1437, 2006-Ohio-421. According to the victim in this case, appellant committed multiple instances of sexual misconduct against her and they occurred over a period of approximately three years. Although appellant claimed that he did not sexually abuse his daughter for three years, the trial court was free to reject appellant's self-serving statements and to instead accept the victim's version of the incidents concerning the offense. Because competent, credible evidence exists in the record to support the trial court's finding that appellant engaged in a "demonstrated pattern of abuse" against the victim, we affirm the trial court's judgment in this regard.
 {¶ 16} Offenberger also contends the court improperly adjudicated him a sexual predator based on only one factor: the nature of the underlying offense. The record, however, indicates that the trial court considered other statutory factors that indicate a likelihood of recidivism. As noted by the trial court, there was an approximately 20-year age disparity between the victim and appellant. The age disparity, combined with the father-daughter relationship in which Offenberger abused his position of trust and authority with the victim, together *Page 9 
with his lengthy criminal record, which reflects his disregard for the law, all support a conclusion that appellant is likely to reoffend. Moreover, this and other courts in this state have previously observed that "an offender who preys on children * * * may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism." Longnecker, supra; Waulk, supra; Eppinger,91 Ohio St.3d at 160-161 (citing a study that revealed recidivism as high as 72% among child molesters). Because the presence of even one or two of the factors may be sufficient to support a finding of potential recidivism,Eppinger, Longnecker, Waulk, appellant's argument that the court relied solely on the nature of the underlying offense to determine his sexual predator status is meritless.
 IV. Conclusion {¶ 17} In this case, the trial court applied the proper statutory framework and considered appropriate factors. Some competent, credible evidence supports the court's finding that Offenberger is likely to engage in the future in one or more sexually oriented offenses. Accordingly, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J. Kline, J.: Concur in Judgment and Opinion. *Page 1