[Cite as *State v. Childers*, 2015-Ohio-4881.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA6 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| DEREK S. CHILDERS, | : | |
| Defendant-Appellant. | : | RELEASED: 11/20/2015 |

APPEARANCES:

Charles A. Koenig and Todd A. Long, Koenig & Long, LLC, Columbus, Ohio, for appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Robert C. Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for appellee.

Hoover, P.J.

{¶1} Defendant-appellant, Derek S. Childers, appeals the judgment of conviction and sentence of the Lawrence County Common Pleas Court. After pleading guilty to two counts of burglary and four counts of breaking and entering, Childers was sentenced to an aggregate 16-year prison term. Childers was also ordered to pay restitution to four victims.

{¶2} On appeal, Childers first claims that the trial court erred when it imposed maximum and consecutive prison sentences on the burglary offenses. At the sentencing hearing, the trial court recited the mandatory R.C. 2929.14(C)(4) findings when imposing the consecutive sentences. Likewise, the trial court's sentencing entry lists the mandatory findings necessary when imposing consecutive sentences. Childers, however, contends

that the record is devoid of any evidence or even argument that the trial court could have relied upon in making its consecutive sentence findings. Finding merit in Childers' argument, we sustain his first assignment of error.

{¶3}    Childers next argues that his trial counsel rendered ineffective assistance by failing to argue mitigating sentencing factors. However, in concluding that the record does not support Childers' consecutive sentences, and ordering a new sentencing hearing, Childers' ineffective assistance argument is rendered moot.

{¶4}    Having found merit in Childers' sentencing argument, we reverse the judgment of the trial court and remand for resentencing.

### I. Facts and Procedural Posture

{¶5}    Childers was indicted by the Lawrence County Grand Jury on two counts of burglary, felonies of the second degree in violation of R.C. 2911.12(A)(2), and four counts of breaking and entering, felonies of the fifth degree in violation of R.C. 2911.13(A). The counts appear to involve six separate incidents occurring between September 7, 2014 and October 5, 2014.

{¶6}    Childers pleaded guilty to all six counts of the indictment. Neither the plea hearing transcript nor the judgment entry reflecting the guilty pleas mention any sentencing agreement or sentencing bargain involving the parties or the trial court. Approximately three weeks after the plea hearing, the trial court sentenced Childers to eight years in prison on each of the two burglary counts, to be served consecutively, and to 12 months in prison on each of the four breaking and entering counts to be served concurrently with each other and concurrent to the burglary sentences. Thus, Childers

was sentenced to an aggregate 16-year prison term. In addition, Childers was ordered to pay restitution to his victims in the aggregate amount of $2,670[1].

{¶7}    Prior to sentencing Childers at the sentencing hearing, the trial court judge made the following comments on the record:

> COURT:  Alright sir thank you. The court has considered the statements of counsel and the defendant. The court has weighed the purposes and principals (sic) of sentencing in ORC 2929.11 the seriousness and recidivism factors in ORC 2929.12 and following the guidance of ORC 2929.13 would make the following sentences. Anytime that the court is asked to consider consecutive sentences there has to be a finding both on the record and in the written Judgment Entry. Consecutive sentences are necessary in these um, at least counts one and two to protect the public from um, future crime. They are not disproportionate to the seriousness of the offenders (sic) conduct or to the danger that would pose to the public and that, um, the harm caused by two or more of the multiple offenses is so great or unusual that no single prison term adequately reflects the seriousness of the offenders (sic) conduct. This is Revised Code Section 2929.14 (C) on sentencing.

Likewise, the required findings for imposing consecutive sentences under R.C. 2929.14(C)(4) were included in the trial court's sentencing judgment entry.

{¶8}    It is from the sentence of the trial court that Childers brings his appeal.

---

[1] The sentencing entry orders restitution in the aggregate amount of $2,670 to four victims. However, at the sentencing hearing, the trial court ordered restitution in the total amount of $3,170.

## II. Assignments of Error

{¶9}    Childers assigns the following errors for our review:

1. The trial court erred when it sentenced Appellant to maximum consecutive terms of imprisonment without making the required findings set forth in Ohio Revised Code section 2929.14(C)(4).

2. Appellant was deprived of his constitutional rights to counsel, when he was sentenced to maximum consecutive terms of imprisonment as a consequence of ineffective assistance of counsel.

## III. Law and Analysis

### A. R.C. 2953.08(D)(1) and Appellate Review

{¶10}   As an initial matter, we must address the State's contention that we are barred from reviewing Childers's sentence. The State contends that the 16-year prison sentence was imposed pursuant to a negotiated plea agreement that also included an agreed sentence, and thus is not subject to appellate review. *See* R.C. 2953.08(D)(1) ("A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."); *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25 ("[Appellant's] sentence was authorized by law, was recommended jointly by him and the prosecution, and was imposed by a sentencing judge. Pursuant to R.C. 2953.08(D), [Appellant's] sentence is not subject to review."); *State v. Davis*, 4th Dist. Scioto Nos. 13CA3589, 13CA3593, 2014-Ohio-5371, ¶ 25 (concluding that an agreed upon sentence is not reviewable on appeal pursuant to R.C. 2953.08(D)). Childers, on the other hand, contends that his

sentence is reviewable because it was not a jointly recommended sentence, and was not authorized by law.

{¶11}   With the record before us, we cannot conclude that an agreed sentence "recommended jointly by the defendant and the prosecution" existed in this case. At the plea hearing, neither party made any sentencing recommendations, or announced any agreement or negotiations regarding sentencing. At the sentencing hearing, the State made the following sentencing recommendation:

> [W]e are going to make the following recommendation. Count one, the State is going to recommend the [c]ourt to sentence the Defendant to eight years in the appropriate penal institution. Count two the State would recommend the court impose eight years in the appropriate penal institution and run that consecutive to count one. Count three the State would recommend twelve months in the appropriate penal institution, concurrent with counts one and two. Count four, twelve months in the appropriate penal institution concurrent with counts one two and three. Count five, twelve months in the appropriate penal institution current (sic) with counts one, two, three and four. Count six twelve months in the appropriate penal institution concurrent with counts one, two, three, four, five, for a total of sixteen years in the appropriate penal institution. In addition your Honor there is restitution due to um, five separate victims, the total amount of the restitution is three thousand one hundred and seventy dollars. In the Judgment Entry we will break that down to each victim so the Clerk would know who to pay it to.

When asked by the trial court to respond to the State's recommendation, defense counsel stated, "Yes, we agree with the State um, with that recommendation for sixteen um, yep we are in agreement with that, sorry." However, later during the sentencing hearing, after the trial court announced its sentence, Childers stated, "I guess I don't really understand" and "I thought it was sixteen and out in eight. I didn't hear anything." We also note that there was no mention at the sentencing hearing that the sentence was jointly recommended, or that the parties had negotiated, bargained for, or even discussed sentencing prior to the hearing. In short, we cannot gather from the plea hearing transcript that an agreed sentence existed; and the sentencing hearing transcript is equally confusing and indefinite as to whether a sentencing agreement existed between the parties.

{¶12}   Because we cannot conclude that an agreed sentence existed between the parties in this case, we will address the merits of Childers's appeal. *See State v. Robinson*, 4th Dist. Lawrence No. 13CA18, 2015-Ohio-2635, ¶ 33 (concluding that we would address the merits of appellant's assignment of error where it was unclear whether an agreed sentence existed).

**B. Consecutive Sentences**

{¶13}   In his first assignment of error, Childers contends that the trial court erred in imposing consecutive sentences on the burglary offenses. To be clear, Childers does not dispute that the trial court recited the R.C. 2929.14(C)(4) findings at the sentencing hearing and in the sentencing entry. Rather, Childers argues that "the record is devoid of any evidence, documentation, argument or anything else upon which the trial court could

base its analysis and findings required under ORC 2929.14(C)(4)" and thus, "the trial court could not have complied with the statutory mandates of that section."

{¶14}  The State disputes Childers's claim that the record is devoid of any evidence or argument upon which the trial court could base its R.C. 2919.14(C)(4) findings, and thus order consecutive sentences. Specifically, the State points out that its discovery responses were filed with the Clerk and thus available for the trial court to review. The discovery responses include, inter alia: restitution forms, the investigative narrative of Detective Jason Newman of the Lawrence County Sheriff's Office, numerous uniform incident reports and narrative supplements completed by the Lawrence County Sheriff's Office, print-outs from leadsonline.com linking reported stolen property to Childers, a witness statement, photographs, and a photo array report form. Thus, the State contends that "there was a wealth of information" in the record that supports the trial court's consecutive sentence findings.

### 1. Standard of Review

{¶15}  We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Bever,* 4th Dist. Washington No. 13CA21, 2014–Ohio–600, ¶ 13; *State v. Baker,* 4th Dist. Athens No. 13CA18, 2014–Ohio–1967, ¶ 25. That statute directs the appellate court to "review the record, including the findings underlying the sentence," and to modify or vacate the sentence "if it clearly and convincingly finds * * * (a) [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code * * * [or] (b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

### 2. The Record Does Not Support Consecutive Sentences

{¶16}   R.C. 2929.14(C)(4) sets forth certain findings that a trial court must make prior to imposing consecutive sentences. *Bever* at ¶ 15; *State v. Black,* 4th Dist. Ross No. 12CA3327, 2013–Ohio–2105, ¶¶ 56–57. That is, under Ohio law, unless the trial court makes the required findings set forth in R.C. 2929.14(C)(4), there is a presumption that sentences are to run concurrently. *Bever* at ¶ 15, citing *Black* at ¶ 56; R.C. 2929.41(A).

{¶17}   Under R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *Bever* at ¶ 16; *Black* at ¶ 57; *State v. Clay,* 4th Dist. Lawrence No. 11CA23, 2013–Ohio–4649, ¶ 64; *State v. Howze,* 10th Dist. Franklin Nos. 13AP–386, 13AP–387, 2013–Ohio–4800, ¶ 18. Specifically, the trial court must find that (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) as applicable here, the harm caused by two or more multiple offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of the offender's conduct. R.C. 2929.14(C)(4). The trial court "is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and [to] incorporate its findings into the sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, syllabus. Furthermore, the trial court is not required to recite "a word-for-word recitation of the language of the statute." *Id*. at ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to

support the findings, consecutive sentences should be upheld." *Id.* A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Id*. at ¶ 37; *Bever* at ¶ 17; *State v. Nia,* 8th Dist. Cuyahoga No. 99387, 2013–Ohio–5424, ¶ 22. The findings required by the statute must be separate and distinct findings; in addition to any findings relating to the purposes and goals of criminal sentencing. *Bever* at ¶ 17; *Nia* at ¶ 22.

{¶18}   "There are two ways that a defendant can challenge consecutive sentences on appeal." *State v. Adams*, 2nd Dist. Clark No. 2014-CA-13, 2015-Ohio-1160, ¶ 17. "First, the defendant can argue that consecutive sentences are *contrary to law* because the court failed to make the necessary findings required by R.C. 2929.14(C)(4)." (Emphasis sic.) *Id*., citing R.C. 2953.08(G)(2)(b), and *Bonnell* at ¶ 29 ("When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing * * *."). "Second, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4)." *Id*., citing R.C. 2953.08(G)(2)(a), and *State v. Moore,* 2014–Ohio–5135, 24 N.E.3d 1197 (8th Dist.) (record did not support the imposition of consecutive sentences). Childers only raises the latter argument.

{¶19}   Here, it is clear from the sentencing transcript that the trial court recited the statutory language of R.C. 2929.14(C)(4), and the statutory language was also recited in the sentencing entry. Nonetheless, there is no evidence in the record to support the trial court's R.C. 2929.14(C)(4) findings. No witnesses testified; no victim impact statements were ever filed; no bill of particulars was filed; no presentence investigation or report was ordered; and no sentencing memoranda were prepared. There is no indication that the trial court was aware of Childers's past criminal record, his social history, or the impact

of his actions on the victims. Moreover, no statement of facts underlying the indictment was ever offered by the State or defense counsel at the plea or sentencing hearing. The only statement arguably pertaining to the facts of the case was the prosecutor's remarks at sentencing that "this case involved two burglaries and four breaking and entering's [sic] that occurred here in the county from September through October 2014. These happened on all different days and different residences, here in the county." However, the statement offers nothing more than that which can already be gained from the indictment.

{¶20} The State relies on the discovery materials filed with the Clerk to support its contention that resources were available for the trial court to appropriately analyze the R.C. 2929.14(C)(4) findings. However, at sentencing the trial court noted that it "considered the statements of counsel and the defendant * * * [and] weighed the purposes and principals (sic) of sentencing in ORC 2929.11 [and] the seriousness and recidivism factors in ORC 2929.12 * * *." Notably absent from the trial court's statement is any indication that the trial court reviewed the record or any other materials prior to imposing its sentence. Likewise, the trial court's sentencing entry does not indicate that the trial court considered the record materials when imposing its sentence. Even if the trial court did review the discovery materials prior to imposing its sentence, we would be hard-pressed to find that the discovery materials support the necessary R.C. 2929.14(C)(4) findings.

{¶21} As aptly stated by the Second District Court of Appeals, "[w]e are concerned that our sentencing jurisprudence has become a rubber stamp for rhetorical formalism." *Adams*, *supra*, at ¶ 30. " 'Formalism' has been described as scrupulous or excessive adherence to outward form at the expense of inner reality or content." *Id*. Here,

while the trial court uttered the minimally required statutory phrases, we are unable to discern that the trial court's findings are supported by the record.

{¶22} While we agree that Childers's conduct is reprehensible, there is simply no evidence in the record to support the trial court's consecutive sentence findings. We cannot glean from the record that the trial court was aware of the facts underlying the indictment. Nor does it appear from the record that the trial court possessed information regarding Childers's past criminal record, his social history, the impact of the offenses on the victims, the seriousness of the offenses, and so on. Therefore, although the trial court recited the findings necessary to impose consecutive sentences, we clearly and convincingly find that the record does not support the trial court's findings. Childers's first assignment of error is sustained.

### C. Ineffective Assistance of Counsel

{¶23} In his second assignment of error, Childers contends that his trial counsel rendered ineffective assistance by failing to argue mitigating factors at his sentencing hearing. However, due to our decision regarding Childers's first assignment or error, and the need for resentencing, we find this assignment of error to be rendered moot. We, therefore, overrule Childers's second assignment of error. *See* App.R. 12(A)(1)(c); *State v. Collins*, 4th Dist. Pickaway No. 13CA27, 2014-Ohio-4224, ¶ 44, citing *State v. Panning*, 3d Dist. Van Wert No. 151307, 2014-Ohio-1880, ¶ 18, and *State v. Clay*, 12th Dist. Madison No. CA201112016, 2012-Ohio-5011, ¶ 31.

### IV. Conclusion

{¶24} In conclusion, we sustain Childers's first assignment of error. We find Childers's second assignment of error to be moot. Childers's sentence is reversed; and

this cause is remanded to the trial court for resentencing. At the resentencing hearing, the

parties shall be permitted to offer evidence and arguments to aid the trial court's R.C.

2929.14(C)(4) analysis.

**JUDGMENT REVERSED AND
CAUSE REMANDED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and the CAUSE REMANDED for further proceedings consistent with this opinion. Appellee shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.: Concurs in Judgment and Opinion.
McFarland, A.J.: Dissents.

For the Court

BY: _____
Marie Hoover
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**