[Cite as *State v. Bass*, 2017-Ohio-7059.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 16CA32 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| MARTY L. BASS, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 07/25/17** |

_____
APPEARANCES:

Brian A. Smith, Brian A. Smith Law Firm, LLC, Akron, Ohio, for
Appellant.

Kevin A. Rings, Washington County Prosecuting Attorney, and Alison L.
Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta,
Ohio, for Appellee.

_____

McFarland, J.

{¶1} Marty Bass appeals from the trial court's judgment sentencing

him to maximum and consecutive prison terms after he pleaded guilty to two

counts of trafficking in cocaine in violation of R.C. 2925.03(A)(1) and

(C)(4)(a), both felonies of the fifth degree. On appeal, Appellant contends

that 1) his consecutive sentences were contrary to law; and 2) his sentences

were not supported by the record. Because we have concluded that the

sentences imposed by the trial court were supported by the record and were

not contrary to law, both of Appellant's assignments of error are overruled.

Accordingly, the judgment of the trial court is affirmed.

FACTS

{¶2} Appellant, Marty Bass, was indicted for six felony counts on March 24, 2016 as follows: 1) count one – trafficking in heroin, in the vicinity of a school, a fourth degree felony in violation of R.C. 2925.03(A)(1) and (C)(6)(b); 2) count two – aggravated trafficking in drugs (fentanyl), in the vicinity of a school, a third degree felony in violation of R.C. 2925.03(A)(1) and (C)(1)(b); 3) count three – trafficking in cocaine, in the vicinity of a school, a fourth degree felony in violation of R.C. 2925.03(A)(1) and (C)(4)(b); 4) count four – trafficking in cocaine, a fifth degree felony in violation of R.C. 2925.(A)(1) and (C)(4)(a); 5) count five – breaking and entering, a fifth degree felony in violation of R.C. 2911.13(B) and (C); and 6) count six – possession of cocaine, a fifth degree felony in violation of R.C. 2925.11(A) and (C)(4)(a).  Appellant initially entered pleas of not guilty to the charges contained in the indictment.

{¶3} A change of plea hearing was held on August 19, 2016 at which Appellant entered pleas of guilt to count three, which was amended to a fifth degree felony, and count four, in exchange for the dismissal of counts one, two, five and six.  Appellant was subsequently sentenced to twelve-month

prison terms on each count, to be served consecutively. It is from the trial court's imposition of consecutive sentences that Appellant now brings his timely appeal, assigning the following errors for our review.

## ASSIGNMENTS OF ERROR

"I.      APPELLANT'S CONSECUTIVE SENTENCES WERE
        CONTRARY TO LAW.

II.     THE TRIAL COURT'S SENTENCE OF APPELLANT WAS
        NOT SUPPORTED BY THE RECORD."

## LEGAL ANALYSIS

{¶4} As both of Appellant's assignments of error challenge the trial court's imposition of consecutive prison terms, we address them in conjunction with one another. In his first assignment of error, Appellant contends that his consecutive sentences were contrary to law, arguing that although the trial court made the necessary findings for imposition of consecutive sentences on the record during the sentencing hearing, it failed to include the necessary findings in the sentencing entry. The State agrees the required statutory findings for imposition of consecutive sentences were omitted from the sentencing entry and suggests this matter should be remanded to correct the clerical error with a nunc pro tunc order. In his second assignment of error, Appellant contends that the record does not support the imposition of consecutive sentences.

{¶5} R.C. 2953.08(G)(2) defines appellate review of felony sentences and provides, in relevant part, as follows:

"The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law."

{¶6} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record

does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 1.  This is a deferential standard. *Id*. at ¶ 23.  Furthermore, "appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges." *Id*. at ¶ 10.  Additionally, although R.C. 2953.08(G) does not mention R.C. 2929.11 or 2929.12, the Supreme Court of Ohio has determined that the same standard of review applies to findings made under those statutes. *Id.* at ¶ 23 (stating that "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court," meaning that "an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence").

> "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or

conviction as to the facts sought to be established.' " *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus; *Id.* at ¶ 22.

**{¶7}** Further, as noted by the Eighth District Court of Appeals: "It is important to understand that the 'clear and convincing' standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that '[t]he appellate court's standard for review is not whether the sentencing court abused its discretion.' As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.

It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review." *State v. Venes*, 8th

Dist. Cuyahoga No. 98682, 2013–Ohio–1891, ¶ 20–21, 992

N.E.2d 453.

Here, it appears the sentences Appellant received on counts three and four,

although maximum sentences, were within the statutory range for each

offense.  Thus, it cannot be said that the length of either sentence is contrary

to law.  Further, "[m]aximum sentences do not require specific findings.

*State v. Sawyer*, 4th Dist. Meigs No. 16CA2, 2017-Ohio-1433, ¶ 16; citing

*State v. McClain*, 4th Dist. Pickaway No. 13CA17, 2014–Ohio–4192, ¶ 36;

*State v. Lister*, 4th Dist. Pickaway No. 13CA15, 2014–Ohio–1405, ¶ 10;

citing *State v. White*, 2013–Ohio–4225, 997 N.E.2d 629, ¶ 7 (1st Dist.).

{¶8}  Additionally, with respect to the trial court's decision to order

the sentences be served consecutively, under the tripartite procedure set forth

in R.C. 2929.14(C)(4) for imposing consecutive sentences, the trial court

had to find that (1) consecutive sentences are necessary to protect the public

from future crime or to punish the offender; (2) consecutive sentences are

not disproportionate to the seriousness of the offender's conduct and to the

danger the offender poses to the public; and (3) that one of three

circumstances specified in the statute applies. *See generally State v. Baker*,

4th Dist. Athens No. 13CA18, 2014–Ohio–1967, ¶ 35–36.  The three

circumstances are as follows:

"a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶9} The trial court is required to make these findings at the sentencing hearing and to incorporate its findings in its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, syllabus. "The trial court need not use talismanic words to comply with R.C. 2929.14(C)(4), but it must be clear from the record that the trial court

actually made the required findings." *State v. Campbell*, 4th Dist. Adams

No. 13CA969, 2014–Ohio–3860, at ¶ 25.

{¶10} Although the trial court must make the required findings before

imposing consecutive sentences, the court is under no obligation to make

specific findings under the various factors in these statutes. *See State v.

Kulchar*, 4th Dist. Athens No. 10CA6, 2015–Ohio–3703, ¶ 47.  Nor did the

trial court have any obligation under R.C. 2929.14(C)(4) to state reasons to

support its findings to impose consecutive sentences. *Bonnell* at syllabus

("In order to impose consecutive terms of imprisonment, a trial court is

required to make the findings mandated by R.C. 2929.14(C)(4) at the

sentencing hearing and incorporate its findings into its sentencing entry, but

it has no obligation to state reasons to support its findings").

{¶11} We reject Appellant's assertion that consecutive sentences are

contrary to law and unsupported by the record.  Here, the trial court's

judgment entry stated that it had considered the principles and purposes of

sentencing under R.C. 2929.11 through 2929.19, as well as the record, oral

statements and a pre-sentence report.  The trial court's sentencing entry

further expressly balanced and weighed the seriousness and recidivism

factors, and determined Appellant was not amenable to any available

community control sanctions.  The trial court further expressly stated in the

sentencing entry, contrary to the arguments of both parties, as follows:

> "(1) Imposition of consecutive sentences is necessary to protect
>
> the public from future crime or to punish the offender;
>
> (2) Imposition of consecutive sentences is not disproportionate
>
> to the seriousness of the offenders [sic] conduct and to the
>
> danger the offender poses to the public; and
>
> (3) Offender's criminal history shows that consecutive terms
>
> are needed to protect the public."

Thus, the required findings were made by the trial court before imposing

consecutive sentences and further, the trial court was under no obligation to

state its reasons for making its findings.

{¶12}  In *State v. Campbell*, 4th Dist. Adams No. 15CA1012, 2016-

Ohio-415, ¶ 15, we recently noted that courts have upheld the imposition of

consecutive sentences that even included a life sentence as long as the trial

court makes the required findings. Citing *State v. Peak*, 8th Dist. Cuyahoga

No. 102850, 2015-Ohio-4702, ¶ 8-14 (affirming the imposition of two

consecutive life sentences with the possibility of parole after ten years on

each of the two counts for rape of a victim less than thirteen years old.).  In

light of that reasoning, we concluded Campbell had "failed to establish that

the trial court clearly and convincingly imposed a sentence that was either not supported by the record or otherwise contrary to law." *Id.* at ¶16.  The same reasoning applies herein and leads to the same result.

{¶13}  Here, Appellant pleaded guilty to two felony drug offenses involving trafficking in cocaine, one of which was amended as part of the plea deal from a fourth degree felony to a fifth degree felony, in exchange for the dismissal of four other felony counts.  While Appellant argues on appeal that he simply trafficked to support his own drug use, the resultant harm to the community is still the same.  The trial court considered all of the pertinent statutes, balanced all of the pertinent factors and made all of the necessary findings before imposing consecutive sentences.  And, again, despite the arguments of both parties, these findings were made on the record during the sentencing hearing, and were also expressly included on pages five and six of the sentencing entry.  As such, we cannot conclude that the imposition of consecutive sentences was contrary to law or unsupported by the record.  Accordingly, both of Appellant's assignments of error are overruled.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**