[Cite as *State v. Childers*, 2018-Ohio-26.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 17CA5 |
| v. | : | |
| | | <u>DECISION AND</u> |
| DEREK S. CHILDERS, | : | <u>JUDGMENT ENTRY</u> |
| Defendant-Appellant. | : | RELEASED 01/03/2018 |

<u>APPEARANCES</u>:

Charles A. Koenig and Todd A. Long, Koenig & Long, LLC, Columbus, Ohio for
Appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Jeffrey M. Smith,
Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio for Appellee.

Hoover, J.

{¶ 1} Defendant-appellant, Derek S. Childers ("Childers"), appeals the judgment
of the Lawrence County Court of Common Pleas denying his motion to withdraw his
guilty plea and resentencing him to an aggregate term of fourteen years. We find no merit
in Childers's arguments and affirm the judgment of the trial court.

{¶ 2} On appeal, Childers argues that the trial court erred by (1) refusing to grant
his presentence request to withdraw his guilty plea; (2) running his sentences
consecutively without making the required findings of fact; and (3) depriving him of his
constitutional rights to counsel as a consequence of ineffective assistance of counsel. On
the other hand, the State of Ohio ("State") contends that the trial court acted within its
discretion in denying the motion to withdraw the guilty plea as well as in sentencing

Childers to consecutive prison terms. Lastly, the State claims that Childers received effective assistance of counsel.

{¶ 3} We first note that the trial court did not have jurisdiction to address Childers's motion to withdraw the guilty plea. Childers had pleaded guilty and was sentenced. Afterwards, Childers filed a direct appeal. *State v. Childers*, 4th Dist. Lawrence No. 15CA6, 2015-Ohio-4881 ("*Childers I*"). The result of Childers's direct appeal was that the sentence was reversed. We did not vacate Childers's conviction in *Childers I*. We remanded the case for the sole purpose of re-sentencing. Even assuming arguendo that the trial court did have jurisdiction to address the motion to withdraw the guilty plea, the trial court should have dismissed the motion to withdraw the guilty plea on the basis of res judicata principles. Childers did not raise the issue of withdrawing his guilty plea until after the case was remanded for re-sentencing. Childers also did not raise the issue in his direct appeal.

{¶ 4} With respect to the consecutive sentences, the deficiencies that required the remand for re-sentencing have been resolved. The prosecutor offered a detailed statement of facts underlying the six counts of the indictment at the re-sentencing hearing. This detailed set of facts explained the seriousness of the offenses. Also, the trial court was aware of Childers's criminal record and his social history from reviewing Childers's sentencing memorandum. Also, at the re-sentencing hearing, the trial court stated that it had "the discovery documents in the file" and the "information argued to the court." We cannot clearly and convincingly find that the record does not support the trial court's findings resulting in the consecutive sentences.

{¶ 5} Lastly, we disagree with Childers's ineffective assistance of counsel claim. The record shows that Childers was aware that he could get out in eight; therefore, arguably, trial counsel had negotiated a judicial release after eight years depending on the behavior of Childers. We will not second-guess the tactical decisions of trial counsel.

{¶ 6} Therefore, we overrule all of Childers's assignments of error; and accordingly, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 7} Childers was originally indicted in November 2014 on two counts of burglary, felonies of the second degree in violation of R.C. 2911.12(A)(2), and four counts of breaking and entering, felonies of the fifth degree in violation of R.C. 2911.13(A). The counts stemmed from incidents that occurred during September 2014 and October 2014. Childers pleaded guilty to all counts of the indictment; and he was sentenced to eight years in prison on each of the two burglary counts, to be served consecutively, and to twelve months in prison on each of the four breaking and entering counts to be served concurrently with each other and concurrent to the burglary sentences. Thus, Childers was sentenced to an aggregate 16-year prison term. In addition, Childers was ordered to pay restitution to his victims in the aggregate amount of $2,670.

{¶ 8} Childers appealed the trial court's judgment of conviction and sentence. *See Childers I.* On November 20, 2015, we remanded the case for re-sentencing because we clearly and convincingly found that the record did not support the trial court's R.C. 2929.14(C)(4) findings. Although Childers had also included an assignment of error alleging ineffective assistance of counsel, we did not address the argument due to the mootness doctrine.

{¶ 9} Approximately one month later in December 2015, after the remand, but before the re-sentencing, Childers filed a motion to withdraw his guilty plea. The State filed a memorandum contra to Childers's motion; and Childers filed a reply. In February 2016, the trial court overruled Childers's motion to withdraw his guilty plea.

{¶ 10} In March 2016, Childers then filed a sentencing memorandum setting forth reasons contra to the imposition of consecutive sentences. The State did not file a sentencing memorandum. The Court proceeded to re-sentence Childers. During the re-sentencing hearing, Childers renewed his motion to withdraw his guilty plea. Approximately ten months passed before the re-sentencing entry was filed. On January 27, 2017, the trial court finally filed the re-sentencing entry. On the same date, the trial court also filed its entry overruling the oral renewal of Childers's motion to withdraw the guilty plea.

{¶ 11} Childers was re-sentenced to seven years in prison on each of the two burglary counts, to be served consecutively, and to eleven months in prison on each of the four breaking and entering counts to be served concurrently with each other and concurrent to the burglary sentences. Thus, Childers was sentenced to an aggregate 14-year prison term. In addition, Childers was ordered to pay restitution to his victims in the aggregate amount of $11,660.

{¶ 12} Childers timely appealed.

## II. Assignments of Error

{¶ 13} Childers assigns the following errors for our review:

Assignment of Error No. 1:

> The trial court erred when it Refused to Allow Appellant's Presentence Request to Withdraw His Plea of Guilty.

Assignment of Error No. 2:

> The trial court erred when it sentenced Appellant to consecutive terms of imprisonment without making the required findings set forth in Ohio Revised Code section 2929.14(C)(4).

Assignment of Error No. 3:

> Appellant was deprived of his constitutional rights to counsel as a consequence of ineffective assistance of counsel.

### III. Law and Analysis

### A. The Trial Court Did Not Have Jurisdiction to Address Childers's Motion to Withdraw His Guilty Plea

{¶ 14} With respect to Childers's first assignment of error, Childers claims that the trial court erred when it denied his motion to withdraw his guilty plea. In our view, the trial court should not have addressed Childers's motion. We believe that pursuant to the Ohio Supreme Court's holding in *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas,* 55 Ohio St.2d 94, 378 N.E.2d 162 (1978), that the trial court did not have jurisdiction to address Childers's motion to withdraw his guilty plea. In that case, the Supreme Court of Ohio held that Crim.R. 32.1 "does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court." *Id.* at 97.

{¶ 15} In *State ex rel. Special Prosecutors*, the defendant pleaded guilty to murder. The court of appeals affirmed his conviction. Afterwards, he moved to withdraw his guilty plea, which the trial court granted. The State did not appeal, but, before the defendant's case could proceed to trial, it filed a complaint for a writ of prohibition, seeking to prevent the trial from taking place. The State argued that the trial court did not

have jurisdiction to consider the motion to withdraw the guilty plea. The Supreme Court

granted the writ because it concluded that a trial court does not have jurisdiction to

consider a motion to withdraw a plea after an appellate court had affirmed the

defendant's conviction. *Id.* at 98. The Supreme Court noted "the trial court lost its

jurisdiction when the appeal was taken, and, absent a remand, it did not regain

jurisdiction subsequent to the Court of Appeals' decision." *Id.* at 97.

{¶ 16} In *Childers I*, we reversed Childers's sentence and remanded the cause to

the trial court for the sole purpose of re-sentencing. We did not vacate the conviction.

Therefore, the trial court did not have jurisdiction to consider Childers's motion to

withdraw his guilty plea. Crim.R. 32.1 simply does not give the trial court the power to

vacate a conviction that has been affirmed by the appellate court; as such action would

affect the decision of the reviewing court, which is not within the power of the trial court

to do. *See id.* at 98. Consequently, the trial court was without jurisdiction to consider the

motion to withdraw the guilty plea.

{¶ 17} Even assuming arguendo that the trial court did have jurisdiction, the

doctrine of res judicata bars us from considering Childers's arguments regarding the

motion to withdraw his guilty plea. "Under the doctrine of *res judicata*, a final judgment

of conviction bars a convicted defendant who was represented by counsel from raising

and litigating in any proceeding, except an appeal from that judgment, any defense or any

claimed lack of due process that was raised or could have been raised by the defendant at

trial, which resulted in that judgment of conviction, or on an appeal from that judgment."

*State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus.

{¶ 18} "Courts, including this one, have applied res judicata to bar defendants from raising claims in a Crim.R. 32.1 postsentence motion to withdraw that they either raised or could have raised in a direct appeal from their judgment of conviction and sentence." *State v. Mackey*, 4th Dist. Scioto No. 14CA3645, 2014-Ohio-5372, ¶ 15, citing *State v. Ketterer,* 126 Ohio St.3d 448, 2010–Ohio–3831, 935 N.E.3d 9, ¶ 59 ("Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal"); *State v. Dent,* 8th Dist. Cuyahoga No. 100605, 2014–Ohio–3141, ¶ 4 ("The doctrine of res judicata, however, prohibits all claims raised in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised or could have been raised on direct appeal"); *State v. Muhumed,* 10th Dist. Franklin No. 11AP-1001, 2012–Ohio–6155, ¶ 15 ("res judicata applies * * * to issues raised in a post-sentencing Crim.R. 32.1 motion that were or could have been raised in direct appeal"); *State v. Vincent,* 4th Dist. Ross No. 03CA2713, 2003–Ohio–3998, ¶ 11 ("The doctrine of res judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in prior proceedings").

{¶ 19} It is understandable that in *Childers I* no argument was made concerning a Crim.R. 32.1 motion because the motion to withdraw the guilty plea had not yet been made. The Crim.R. 32.1 motion was made after the case was remanded for re-sentencing. However, the argument that Childers is making in this appeal regarding his motion to withdraw his guilty plea is based on a claim of ineffective assistance of counsel. Childers made no claim in his direct appeal regarding the failure of his former counsel to file a motion to withdraw his guilty plea. This is an argument that could have been included in

Childers's direct appeal in conjunction with his ineffective assistance of counsel claim. Because Childers could have raised this argument in his direct appeal, his argument is now barred by the doctrine of res judicata. *See*, *e.g.*, *State v. Young*, 8th Dist. Cuyahoga No. 104861, 2017-Ohio-5579, ¶ 7 ("Young could have raised any argument regarding ineffective assistance of counsel relating to his plea * * * in his direct appeal. Because he did not do so, his ineffective assistance of counsel claim is now barred by res judicata * * *.").

{¶ 20} Since the trial court did not have jurisdiction to address Childers's motion to withdraw his guilty plea, or in the alternative, res judicata applies and bars consideration of Childers's argument, we overrule the first assignment of error.

**B. We Cannot Find by Clear and Convincing Evidence that the Record Does Not**

**Support the Trial Court's Findings Under R.C. 2929.14(C)(4)**

{¶ 21} Under R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Bever,* 4th Dist. Washington No. 13CA21, 2014-Ohio-600, ¶ 16; *State v. Clay,* 4th Dist. Lawrence No. 11CA23, 2013–Ohio–4649, ¶ 64; *State v. Howze,* 10th Dist. Franklin Nos. 13AP–386, 13AP–387, 2013–Ohio–4800, ¶ 18. Specifically, the trial court must find that (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) as applicable here, the harm caused by two or more multiple offenses was so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of the offender's conduct. R.C. 2929.14(C)(4). The trial court "is

required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and [to] incorporate its findings into the sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, syllabus. Furthermore, the trial court is not required to recite "a word-for-word recitation of the language of the statute * * *." *Id.* at ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Id.* at ¶ 37; *Bever* at ¶ 17; *State v. Nia,* 8th Dist. Cuyahoga No. 99387, 2013–Ohio–5424, ¶ 22. The findings required by the statute must be separate and distinct findings; in addition to any findings relating to the purposes and goals of criminal sentencing. *Bever* at ¶ 17; *Nia* at ¶ 22.

{¶ 22} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *Bever* at ¶ 13; *State v. Baker,* 4th Dist. Athens No. 13CA18, 2014–Ohio–1967, ¶ 25. That statute directs the appellate court to "review the record, including the findings underlying the sentence," and to modify or vacate the sentence "if it clearly and convincingly finds * * * (a) [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code * * * [or] (b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

{¶ 23} Our court has described "clear and convincing evidence" as follows:

"Clear and convincing evidence" is evidence that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. See, *Eppinger,* supra, at 163; *Cross v. Ledford* (1954), 161

Ohio St. 469, paragraph three of the syllabus. " 'It does not mean clear and

unequivocal.' " *Eppinger,* at 164, quoting *Cross,* at 477. The clear and

convincing evidence standard is considered a higher degree of proof than a

mere "preponderance of the evidence," the standard generally utilized in

civil cases. However, it is less stringent than the "beyond a reasonable

doubt" standard used in criminal trials. See, *State v. Schiebel* (1990), 55

Ohio St.3d 71, 74; *Cross,* at 477.

When reviewing whether "clear and convincing evidence" supports the

trial court's decision, we must examine the record and ascertain whether

sufficient evidence exists to meet this burden of proof. See, *In re Adoption*

*of Holcomb* (1985), 18 Ohio St.3d 361, 368. This type of review is

deferential to the trial court, and we must affirm the court's judgment if

the record contains some competent, credible evidence to support it. See,

*Schiebel,* at 74, and *State v. Longnecker,* Washington App. No. 02CA76,

2003-Ohio-6208, at ¶ 23. In reviewing the court's decision, we are not

permitted to substitute our judgment for that of the trial court. See,

*Longnecker,* supra; *State v. Waulk,* Ross App. No. 05CA2847, 2006-Ohio-

929, at ¶ 12.

*State v. Offenberger*, 4th Dist. Washington No. 06CA22, 2007-Ohio-2551, ¶¶ 11-12.

{¶ 24} " 'It is also important to understand that the clear and convincing standard

used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge

must have clear and convincing evidence to support its findings. Instead, it is the court of

appeals that must clearly and convincingly find that the record does not support the

court's findings. In other words, the restriction is on the appellate court, not the trial

judge. This is an extremely deferential standard of review.' " *State v. Bass*, 4th Dist.

Washington No. 16CA32, 2017-Ohio-7059, ¶ 7 quoting *State v. Venes*, 2013–Ohio–1891,

992 N.E.2d 453, ¶ 21 (8th Dist.).

{¶ 25} In *Childers I*, we found by clear and convincing evidence that there was

"no evidence in the record to support the trial court's consecutive sentence findings."

*Childers I* at ¶ 22. "There [was] no indication that the trial court was aware of Childers's

past criminal record, his social history, or the impact of his actions on the victims.

Moreover, no statement of facts underlying the indictment was ever offered by the State

or defense counsel at the plea or sentencing hearing." *Id.* at ¶ 19. Additionally, it did not

appear from the record that the trial court possessed information regarding the

seriousness of the offenses. *Id.* at ¶ 22. We also found that there was no indication that

the trial court had reviewed the record or any other materials prior to imposing its

sentence. *Id.* at ¶ 20. We remanded the cause to the trial court for resentencing and

permitted the parties to offer evidence and arguments to aid the trial court's consecutive

sentence analysis. We now review the imposition of the consecutive sentences with the

record before us after the re-sentencing.

{¶ 26} First of all, in *Childers I*, we found that "no statement of facts underlying

the indictment was ever offered by the State or defense counsel at the plea or sentencing

hearing." In contrast, in the case sub judice, at the beginning of the re-sentencing hearing,

the State presented the details of each of the six counts to which Childers had pleaded

guilty. The State explained the particular facts of Childers's "crime spree" during the

time period from September 7, 2014 to October 5, 2014. In addition, at the resentencing hearing, the trial court acknowledged that it had the discovery documents in the file. The re-sentencing entry also refers to the fact that the trial court had available to it the filed discovery. The trial court's entry then indicated that from the discovery filed in the case, consecutive sentences were necessary. This is different from *Childers I* where there was no indication that the trial court reviewed the record or any other materials prior to imposing sentence; and the original sentencing entry did not indicate that the trial court considered the record materials when imposing its sentence.

{¶ 27} Next, in *Childers I*, we found that it did not appear from the record that the trial court possessed information regarding Childers's past criminal record or his social history. After re-sentencing, however, we see that the trial court did consider the record material, which includes the sentencing memorandum filed by Childers. The sentencing memorandum gives sufficient detail of Childers's past criminal record and social history. We understand that the purpose of the sentencing memorandum was mitigation; however, it is clear that the trial court had reviewed the sentencing memorandum when Childers's counsel stated at the re-sentencing hearing, "I did file a sentencing memorandum this morning. I know the court has reviewed that." Thus, evidence exists in the record that the trial court had reviewed Childers's social history including the unfortunate downward spiral into drug addiction. Evidence also exists that the trial court considered Childers's past criminal record including a prior shoplifting case. The record further indicates that the trial court referred to the discovery materials which included additional misdemeanor convictions for driving under suspension, no driver license, failure to control, tag/sticker

violation, two seat belt violations, improper left turn, as well as a miscellaneous case—all spanning from 2003 through 2014.

{¶ 28} Moreover, when reviewing the full record on remand, it appears that the trial court considered the seriousness of the offenses and the impact of the offenses on the victims. The State had explained on the record the details of each count; and evidence exists that the trial court considered the discovery materials, which included the incident report, investigative narrative, restitution forms, and the handwritten statement of one of the victims.

{¶ 29} The trial court specifically stated in its re-sentencing entry the following:

[I]t came to light that Mrs. Hall is somewhat elderly and that her adult son, John Hall, had caught the Defendant, Derek Childers, in the act of burglarizing Mrs. Hall's home. A chase and a scuffle took place between Mr. Hall and the Defendant. The Court would also note that victims routinely describe the burglarizing of their private homes to be a most frightening experience and one that leaves them with fear and doubt about continuing to live in those structures. The Court is also mindful of the fact that the Defendant pled guilty to Counts Three, Four, Five and Six, which dealt with breaking and entering of four unoccupied structures as well.

{¶ 30} The trial court also explicitly stated in the re-sentencing entry that it had available to it the discovery provided in the case. This discovery demonstrated, inter alia, that Childers had entered William Walters's residence and had stolen a firearm, ammunition, a computer, jewelry and some tools. Childers admitted to trading the firearm to a drug dealer for heroin.

{¶ 31} After remand, the trial court did not just re-impose the original sentence. The original sentence was an aggregate term of 16 years and total restitution of $2,570. After the re-sentencing hearing, reviewing the discovery, hearing arguments of counsels and pretrial discussions, the trial court imposed an aggregate sentence of 14 years. The total restitution amount changed from $2,570 to $11,660.

{¶ 32} In summary, we cannot find by clear and convincing evidence, that the record does not support the trial court's findings justifying the imposition of consecutive sentences.  Consequently, we overrule Childers's second assignment of error.

## C. Appellant Was Not Deprived of His Constitutional Right to Counsel as a Consequence of Ineffective Assistance of Counsel

{¶ 33} To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Issa,* 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Goff,* 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998). "In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." (Citations omitted.) *State v. Conway,* 109 Ohio St.3d 412, 2006–Ohio–2815, 848 N.E.2d 810, ¶ 95. "Failure to establish either element is fatal to the claim." *State v. Jones,* 4th Dist. Scioto No.

06CA3116, 2008–Ohio–968, ¶ 14. Therefore, if one element is dispositive, a court need not analyze both. *See State v. Madrigal,* 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000) (stating that a defendant's failure to satisfy one of the elements "negates a court's need to consider the other."). In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun,* 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999).

{¶ 34} Childers claims that his former counsel did nothing to assist him. However, the record shows that Childers's former counsel had negotiated a judicial release for Childers after serving eight years depending on Childers's behavior while in prison. The transcript from the sentencing hearing that occurred in February 2015 demonstrates that Childers asked, "I thought it was sixteen and out in eight. I didn't hear anything." The trial court responded, "That's because we don't know how your [sic] going to conduct your self [sic] in the next eight years. Good conduct is part of the considerations when you, anytime you would apply for judicial release." Childers's former counsel then states, "In eight years you can apply for judicial release."

{¶ 35} Then, at the hearing on re-sentencing and motion to withdraw guilty plea held in January 2016, the following exchange took place between the State and Childers:

Q. I'm the prosecutor, I can tell you right now, I'm telling you it is sixteen out in eight.

A. Okay.

Q. So we're on the same page Mr. Childers. There may be a little misunderstanding there, but when you left that courtroom, you thought it was sixteen years out in eight. And I'm telling you the prosecutor, as long as your [sic] good up there, we're going to honor that.

A. Okay, I understand that.

Q. Yeah. And you thought that was deal. You said I thought sixteen out in eight, right?

A. What do you mean?

Q. Well you explained it I thought it was…

A. I'll put it this way. I understand that's what the sentence was by the time I left the courtroom.

Q. What didn't you understand then? What didn't you understand when you left? You understood you confessed, right?

A. Right.

Q. You understood that you could get twenty years potentially if you went to a jury, if they stacked them all, that's potential, right?

A. Yeah.

Q. You understood that you actual starting sentence was sixteen?

A. Yes.

Q. And you understood that you were getting out in eight if, obviously subject as he explained to you, you've got to wait for your good behavior. But when he brought up sixteen out in eight, he said subject to you being good behavior, right?

A. Okay, yeah.

{¶ 36} Next, a document, exhibit three, was admitted at the re-sentencing and motion to withdraw guilty plea hearing, which states as follows:

Defendant Derek Childers is sentenced to sixteen years in the Ohio penal

state institution, state penal institution. It is the understanding of the

prosecutor, that upon good behavior, the Defendant, the State will not

oppose the Defendant's motion for early release after eight years

incarceration.

Childers admitted to being aware of the contents of the document at the end of the

sentencing when he said, "I thought sixteen out in eight."

{¶ 37} We disagree with Childers's contention that his former counsel did

nothing to assist him. She obviously negotiated a judicial release for him assuming good

behavior while incarcerated. Under these circumstances, we refuse to find that Childers's

former counsel was deficient. Thus, we need not proceed to the prejudice prong of the

analysis.

{¶ 38} We overrule Childers's third assignment of error.

### IV. Conclusion

{¶ 39} Having overruled all of Childers's assignments of error, we affirm the

judgment of the trial court.

                                                                JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J., and Abele, J.: Concur in Judgment and Opinion.

For the Court

By: _____
      Marie Hoover, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**